■ MARIE L. FRANCOIS et al., Appellants-Respondents, v COMMERCIAL HOTEL, INC., et al., Defendants, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent-Appellant.—In an action to recover damages for wrongful death and conscious pain and suffering, the plaintiffs appeal and the defendant Consolidated Edison Company of New York, Inc. (hereinafter Con Ed) cross-appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated January 28, 1986, which granted Con Ed's motion to set aside a jury verdict in favor of the plaintiffs to the extent of setting aside the jury verdict on the issue of damages and ordering a new trial unless the plaintiffs stipulated to a designated reduction of damages within 30 days from the service upon them of a copy of the order with notice of entry, and otherwise denied the motion.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying Con Ed's motion in part and substituting therefor provisions granting the motion in its entirety, setting aside the verdict in its entirety, and dismissing the complaint insofar as it is asserted against Con Ed; as so modified, the order is affirmed, without costs or disbursements.

This action seeks damages for the wrongful death and conscious pain and suffering of three infants and their grandmother who perished in a fire in their apartment on January 1, 1977. The defendants Commercial Hotel, Inc. and John Antun were the owners and landlords of the building. It was alleged that they failed to maintain the premises in a fire-safe manner. The defendant the Brooklyn Union Gas Company (hereinafter Brooklyn Union) allegedly failed to maintain its gas lines in the building, which failure contributed to the cause of the fire. The defendant Con Ed was allegedly negligent in failing to properly maintain its power lines in the vicinity of the subject building such that a line fell and hampered the firefighters' efforts to save the decedents. Prior to the taking of testimony, the plaintiffs settled with the defendants Commercial Hotel, Inc., Antun and Brooklyn Union. The trial proceeded solely against Con Ed.

Although the plaintiffs in a wrongful death action are not held to as high a degree of proof as where the plaintiff is alive and able to testify with respect to the details of the incident (see, Rivenburgh v Viking Boat Co., 55 NY2d 850; Noseworthy v City of New York, 298 NY 76), the lesser degree of proof pertains to the weight which the circumstantial evidence may be accorded by the jury, not to the standard of proof the plaintiff must meet (Oginski v Rosenberg, 115 AD2d 463). In the instant case, the plaintiffs proceeded on the theory that the downed wire impeded the rescue efforts of the New York City Fire Department and that the resulting delay might have caused the decedents' deaths. We find that the evidence adduced failed to support a finding that Con Ed's alleged negligence was the proximate cause of the deaths.

The deposition testimony of the sole surviving eyewitness to the fire, the plaintiff Richard Francois, establishes that the decedents disappeared from sight, presumably due to the floor caving in, before he was himself able to exit the building. He estimated that it was more than 10 minutes thereafter that the first fire department unit arrived. Dr. John Furey, who performed autopsies on the bodies of the decedents in his capacity as a pathologist for the office of the Chief Medical Examiner, testified that the cause of death was asphyxiation by smoke inhalation which occurred within 1 to 5 minutes from the time the decedents first breathed the smoke. In his opinion, the burns covering the bodies of the decedents were sustained after death.

Captain Mavelli, the officer in command of the first fire department unit to arrive at the scene, testified that the

building was fully enveloped in flames upon his arrival and entry was absolutely impossible. The captain had no recollection of a downed electric wire interfering with or impeding his unit's progress. Although Lieutenant McGoldrick, a member of the fire department search and rescue team which responded to the scene, testified that the arrival of his unit was delayed by the presence of a downed electric wire, he was unable to testify as to the length of the delay. Other than his conclusory testimony that any delay can impede a rescue effort, there is no basis on the record for inferring that the occupants of the burning building could have been successfully rescued if not for the delay occasioned by the downed electric wire.

On the contrary, the deposition testimony of Dale Huntsberry, a self-described "trouble shooter" employed in the Emergency Bureau of Con Ed to handle overhead line complaints, revealed that the fire had caused an electric wire to burn off the subject house and fall down in the street. The other end of the wire remained attached to the electric pole with the result that a live wire was lying in the street. The inference that the decedents would have been rescued but for the downed power line is unsupportable in view of the testimony that at least one fire engine was able to get through effectively, and the downed line in no way hampered the firefighters' rescue efforts.

In conclusion, there is insufficient evidence to support the factual finding that Con Ed's alleged negligence was the proximate cause of the injury and deaths of the decedents. "[T]here is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (see, Cohen v Hallmark Cards, 45 NY2d 493, 499). Accordingly, the verdict in favor of the plaintiffs must be set aside in its entirety on the ground that it was not supported by sufficient evidence and the complaint dismissed insofar as it is asserted against Con Ed. Lawrence, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.