■ JAMES WALSH, Individually and as Administrator of the Estate of DANIEL WALSH, Deceased, Respondent-Appellant, v STATEN ISLAND OBSTETRICS & GYNECOLOGY ASSOCIATES, P. C., et al., Defendants, and ELLIS N. SISSKIND et al., Appellants-Respondents. [598 NYS2d 17] —In an action to recover damages for medical malpractice, the defendants Ellis N. Sisskind and Staten Island Medical Group appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Richmond County (Cusick, J.), dated January 24, 1990, as, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $861,852.34. The plaintiff filed a notice of cross appeal from the judgment.

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff's cross appeal is dismissed as abandoned; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Contrary to the appellants-respondents' contention, the plaintiff adduced sufficient evidence from which the jury could rationally conclude that the defendant Dr. Sisskind departed from good and accepted medical practice in not having timely ordered the setup for an immediate cesarean section under the specific circumstances of this case (see, Cohen v Hallmark Cards, 45 NY2d 493, 499; Nicastro v Park, 113 AD2d 129, 132) and that this failure was a substantial factor in producing the infant's injuries (see, Koster v Greenberg, 120 AD2d 644, 645).

The appellants-respondents also contend that the jury's verdict was against the weight of the evidence. The testimony from the plaintiff's expert witness greatly conflicted with Dr. Sisskind's testimony and the testimony of the appellants-respondents' expert concerning the issues of liability and causation. According due deference to the jury's determination based upon its opportunity to observe and hear the witnesses, and weighing the conflicting testimony of the parties and their respective experts, we cannot say that the evidence so preponderated in favor of the appellants-respondents that the jury could not have reached its conclusion upon any fair interpretation of the evidence (see, Cohen v Hallmark Cards, supra; Nicastro v Park, supra, at 134-135).

The appellants-respondents also contend that the award of $650,000 for conscious pain and suffering was excessive, since

the infant was in a vegetative state throughout his short, eight-year life. It is clear that a party may recover damages for nonpecuniary losses such as pain and suffering provided that the victim has " 'some level of awareness' " *(McDougald v Garber,* 73 NY2d 246, 255). However, although the infant was in a vegetative state, he cried when he received a painful stimuli, and smiled and laughed at pleasurable stimuli. Therefore, the infant clearly had some level of awareness. Furthermore, the amount of the award for pain and suffering does not materially deviate from what would be reasonable compensation *(see,* CPLR 5501; *Canty v New York City Health & Hosps. Corp.,* 158 AD2d 271; *Sullivan v Locastro,* 178 AD2d 523). Accordingly, the $650,000 award for pain and suffering was not excessive.

Lastly, the appellants-respondents assert that the plaintiff's counsel improperly cross-examined a defense witness. At trial, the plaintiff's counsel attempted to impeach the appellants-respondents' expert witness on cross-examination by reading portions of an article. Since the witness refused to admit to this article's authoritativeness, the use of this article on cross-examination was improper *(see, Mark v Colgate Univ.,* 53 AD2d 884, 886; Richardson, Evidence § 373 [Prince 10th ed]). However, since the trial court sustained each of the defense counsel's objections with regard to this article and counsel did not immediately seek further relief such as curative instructions, the appellants-respondents' argument concerning this article has not been preserved for appellate review *(see, Picciallo v Norchi,* 147 AD2d 540; *cf., Roveda v Weiss,* 11 AD2d 745, 746).

We have reviewed the parties' remaining contentions and find that they are unpreserved for appellate review, without merit, or do not warrant reversal or modification of the judgment. Bracken, J. P., Ritter, Copertino and Santucci, JJ., concur.