■ · JEFFREY L. BURNS an Infant, by His Mother and Natural Guardian, ROSEMARIE BURNS, et al., Appellants, v VINCENT VALENCIA et al., Respondents. [642 NYS2d 705] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Leone, J.), dated November 30, 1994, which, upon a jury verdict in favor of the defendants, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

On August 16, 1989, the infant plaintiff Jeffrey Lawrence Burns was born after a delivery during which a shoulder dystocia was encountered. After the birth, Jeffrey was found to have sustained a mild residual Erb's palsy which was caused by a stretching or tearing of the brachial plexus nerve roots. The plaintiffs' medical expert asserted that the defendant Dr. Vincent Valencia departed from accepted medical practice and that Jeffrey's condition was the proximate result of these departures. According to the plaintiff's medical expert, one such departure involved the improper application of traction to the baby's head during the delivery. The defendants' expert opined that Dr. Valencia's actions comported with accepted medical practice and that the injury was a complication that was not related to any departure from accepted medical practice "that [he could] see".

On appeal, the plaintiffs contend that the jury's verdict in favor of the defendants is against the weight of the evidence and that the trial court should have granted their posttrial motion to set aside the verdict. We disagree.

A jury verdict in favor of a defendant may not be set aside as being against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129, 134). On this record, we cannot conclude that the jury's verdict was not based on a fair interpretation of the evidence. Rosenblatt, J. P., Miller, Pizzuto and Goldstein, JJ., concur.