(November 4, 1996)

■ ANNA ABRUZZO, as Administratrix of the Estate of FRANCIS ABRUZZO, Deceased, Respondent, v CITY OF NEW YORK et al., Appellants. [649 NYS2d 172] —In a wrongful death action, the City of New York and Edgar J. Diaz, separately appeal from (1) a judgment of the Supreme Court, Queens County (Rutledge, J.), entered December 22, 1994, and (2) a resettled judgment of the same court, entered April 21, 1995, which, upon a jury verdict, is in favor of the plaintiff and against the defendants in the principal sum of $1,205,051.

Ordered that the appeal from the judgment entered December 22, 1994, is dismissed, without costs or disbursements, as that judgment was superseded by the resettled judgment entered April 21, 1995; and it is further,

Ordered that the resettled judgment is reversed, and the judgment is vacated, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to decrease the verdict as to damages from the principal sum of $1,205,051 to the principal sum of $150,000 and to the entry of an amended judgment in the principal sum of $150,000 accordingly. In the event that the plaintiff so stipulates, then

the judgment, as so decreased and amended, is affirmed, without costs or disbursements.

The plaintiff is the mother and distributee of the decedent, Francis Abruzzo, who died in a car accident at 27 years of age. At the time of trial the decedent's father was also deceased. The decedent was a bus driver at the time of his death, and earned $27,000 per year, but he did not reside with his mother, the plaintiff, nor did he contribute financially to family members. He did, however, assist in the care of a disabled brother, a non-distributee, who lived with the plaintiff mother. On appeal, the defendants assert that the award of damages to the plaintiff mother for her son's wrongful death was improper and excessive, because it deviated materially from what would be reasonable compensation.

Contrary to the defendants' arguments on appeal, the jury properly considered the assistance the decedent gave to his disabled brother as a factor in determining whether the plaintiff Anna Abruzzo had presented evidence of pecuniary injuries she suffered by reason of her son's wrongful death (*see, Gonzalez v New York City Hous. Auth.*, 77 NY2d 663, 670; *see also, Williams v City of New York*, 169 AD2d 713; *Higgins v State of New York*, 192 AD2d 821). However, the $1,205,051 award for wrongful death was excessive. Although the decedent in this case helped his mother by assisting and keeping company with his disabled brother, he did not provide extensive services to his family, nor did he contribute financially to the household (*see, Gonzalez v New York City Hous. Auth.*, 77 NY2d 663, *supra*; *Dontas v City of New York*, 183 AD2d 868, 869). In light of the limited nature of the decedent's other assistance to the plaintiff mother, the award for the pecuniary injuries resulting from the decedent's death deviated materially from what would be reasonable compensation and is, therefore, excessive to the extent indicated (*see,* EPTL 5-4.3 [a]). Bracken, J. P., Rosenblatt, Altman and Luciano, JJ., concur.