■ GERARD WELDON, Respondent-Appellant, v ALICE BEAL et al., Defendants, and LONG ISLAND COLLEGE HOSPITAL, Appellant-Respondent. [707 NYS2d 875] —In an action to recover damages for medical malpractice, (1) the defendant Long Island College Hospital appeals from a judgment of the Supreme Court, Kings County (Clemente, J.), dated October 6, 1998, which, upon a jury verdict awarding the plaintiff damages of $3,000,000 for past pain and suffering, $10,050,000 for future pain and suffering, $1,000,000 for past medical expenses, and $1,950,000 for future medical expenses, and upon the granting of its motion to set aside the verdict to the extent of granting a new trial with respect to damages for past and future pain and suffering unless the plaintiff stipulated to reduce the damages from the sum of $3,000,000 for past pain and suffering to the sum of $2,000,000 and the sum of $10,050,000 for future pain and suffering to the sum of $3,000,000, and upon the plaintiff's stipulation to the reduced damages, is in favor of the plaintiff and against it, and (2) the plaintiff cross-appeals, as limited by his brief, on the ground of inadequacy, from so much of the same judgment as, upon the denial of his motion pursuant to

CPLR 4404 to set aside the verdict as to damages for future medical expenses, awarded damages for future medical expenses in the sum of $1,950,000 and failed to award damages for child care expenses.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the contention of the defendant Long Island College Hospital (hereinafter LICH), the plaintiff adduced sufficient evidence from which a jury could rationally conclude that the sole proximate cause of Carol Weldon's permanent brain damage was the deviation by LICH from good and accepted standard medical practice (see, Cohen v Hallmark Cards, 45 NY2d 493, 498-499; Mortensen v Memorial Hosp., 105 AD2d 151, 158; Mertsaris v 73rd Corp., 105 AD2d 67, 82-88; Kiker v Nassau County, 175 AD2d 99). Moreover, the plaintiff adduced sufficient evidence to demonstrate that Weldon, although in a vegetative state, has the requisite level of awareness necessary for an award of damages for conscious pain and suffering (see, McDougald v Garber, 73 NY2d 246; Walsh v Staten Is. Obstetrics & Gynecology Assocs., 193 AD2d 672).

The award of damages for past and future pain and suffering as reduced by the trial court and stipulated to by the plaintiff does not deviate materially from what would be reasonable compensation (see, CPLR 5501 [c]). The parties' remaining contentions are without merit. O'Brien, J. P., Thompson, S. Miller and H. Miller, JJ., concur.