■ Faith Krumenacker, Respondent-Appellant, v Robert Gargano et al., Appellants-Respondents, et al., Defendant. [715 NYS2d 710] —In an action to recover damages for medical malpractice and wrongful death, the defendants Robert Gargano, Domenick Sampogna, R.C. Sullivan, and Sampogna-Sullivan-Scheufler-Staro-Gargano, M.D., P. C., appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered April 27, 1999, as, upon a jury verdict, and upon the denial of their motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence and to set aside the award of damages as excessive, is in favor of the plaintiff and against the defendants R.C. Sullivan and Sampogna-Sullivan-Scheufler-Staro-Gargano, M.D., P. C., in the principal sum of $850,000, and the plaintiff cross-appeals, as limited by her brief, from stated portions of the same judgment which, *inter alia,* failed to award damages for the decedent's conscious pain and suffering.

Ordered that the appeals by the defendants Robert Gargano and Domenick Sampogna are dismissed, without costs or disbursements, as those defendants are not aggrieved by the judgment appealed from (*see,* CPLR 5511); and it is further,

Ordered that the judgment is reversed, on the law, the facts, and as a matter of discretion, the branch of the motion which was to set aside the verdict as to damages for wrongful death on the ground that it is excessive is granted, and (1) a new trial is granted on the issues of liability and damages on the plaintiff's cause of action for the decedent's conscious pain and suffering, and (2) a new trial is granted on the issue of damages only on the plaintiff's cause of action for wrongful death, unless, within 30 days after service upon her of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict as to damages for wrongful death from the sum of $850,000 to $300,000 ($100,000 for past damages and $200,000 for future damages), and to the entry of an amended judgment after the trial on the issues of liability and damages for the decedent's conscious pain and suffering; in the event that the plaintiff so stipulates, then the judgment as to damages for wrongful death, as so reduced and amended, is affirmed.

There was sufficient circumstantial evidence in the record to permit the jury to infer that the decedent awakened and was conscious for a period of time before her death by asphyxiation (*see, Gonzalez v New York City Hous. Auth.,* 161 AD2d 358, *affd* 77 NY2d 663; *cf., Cummins v County of Onondaga,* 84 NY2d 322). The Supreme Court therefore erred in refusing to submit the plaintiff's cause of action for conscious pain and suffering to the jury, and the plaintiff is entitled to a new trial against the defendants on that cause of action.

The Supreme Court erred in its calculation of preverdict and postverdict interest on the award for damages for wrongful death. As to the preverdict interest, the Supreme Court erroneously applied a 9% interest rate to the entire award, including the undiscounted future damages (*see, Pay v State of New York,* 87 NY2d 1011; *Rohring v City of Niagara Falls,* 84 NY2d 60; *Milbrandt v Green Refractories Co.,* 79 NY2d 26). Further, the interest should have been calculated from the date of the decedent's death to the date of the verdict, rather than to the date on which the plaintiff expected judgment to be entered. With regard to postverdict interest, the Supreme Court erred in computing interest until April 5, 1999, rather than until April 27, 1999, when the judgment was actually entered. The computation of postverdict interest was also affected by the aforementioned errors in the computation of preverdict interest.

The damages awarded on the cause of action based on wrongful death are excessive to the extent indicated.

The parties' remaining contentions are without merit. Bracken, J. P., Friedmann, Florio and Smith, JJ., concur.