■ MENACHEM LANDAU et al., Appellants, v LAWRENCE RAP-PAPORT, Respondent. [761 NYS2d 325] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Nelson, J.), entered May 10, 2001, which, upon a jury verdict, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On July 8, 1997, the infant plaintiff, Menachem Landau, was born after a delivery during which a shoulder dystocia was encountered. After the birth, the infant plaintiff was found to have mild residual Erb's Palsy which was caused by a stretching or tearing of the brachial plexus nerve roots. The plaintiffs' medical expert testified that the defendant Dr. Lawrence Rappaport departed from good and accepted medical practices and that such departures were the proximate cause of the infant plaintiff's condition. According to the plaintiffs' medical expert, one such departure involved the improper application of traction to the infant plaintiff's head during the delivery. The defendant's expert opined that Rappaport's actions comported with good and accepted medical practice, and that the injury was a result of the natural forces of labor. On appeal, the plaintiffs contend that the jury verdict in favor of the defendant was against the weight of the evidence. We disagree.

A jury verdict in favor of a defendant may not be set aside as being against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129, 134 [1985]). This standard "was intended to accentuate the principle that when a jury, upon being presented with sharply conflicting evidence creating a factual dispute, resolved the controversy in favor of the defendant upon a fair interpretation of the evidence, that finding should be sustained" (*id.* at 134). Moreover, issues regarding the credibility of expert witnesses are peculiarly within the province of the jury to determine (*see Burney v Raba,* 266 AD2d 174, 175 [1999]; *Gray v McParland,* 255 AD2d 359, 360 [1998]; *Plant v Shalit,* 158 AD2d 676 [1990]).

Applying these principles to the instant case, we cannot say that the evidence so preponderated in favor of the plaintiffs that the jury could not have reached a verdict in favor of the defendant on any fair interpretation of the evidence. This case presented a classic conflict between expert testimony that the jury resolved in favor of the defendant. There is no basis in the record to disturb the jury's resolution of the credibility issues in favor of the defendant or his expert, or to disturb its findings that there were no departures from good and accepted medical practice by the defendant. Contrary to the plaintiffs' contention, it was not established that excessive force was used to deliver the infant plaintiff merely because the child suffered a brachial plexus injury, a known complication of dystocia. The presence of an injury does not mean that there was negligence (*see Henry v Bronx Lebanon Med. Ctr.*, 53 AD2d 476 [1976]; *see also Burns v Valencia*, 227 AD2d 511 [1996]; *Abbott v New Rochelle Hosp. Med. Ctr.*, 141 AD2d 589 [1988]).

The plaintiffs' remaining contention is without merit. Santucci, J.P., Smith, H. Miller and Adams, JJ., concur.