OPINION OF THE COURT
Per Curiam.
Judgment entered October 2, 2001 modified to vacate the awards of past and future pain and suffering and to direct a new trial solely as to past pain and suffering, and otherwise affirmed, without costs, unless plaintiff stipulates, within 30 days of service of a copy of this order with notice of entry, to reduce the past pain and suffering award to $250,000, and to entry of an amended judgment in accordance therewith.
 The jury’s resolution of the liability portion of this medical malpractice action in favor of plaintiff is supported by the weight of the evidence and, indeed, is not now challenged by defendant on appeal. With respect to damages, the jury’s award of future pain and suffering was speculative and cannot stand, in view of the absence of any competent medical evidence of permanency, as reflected by the trial testimony of plaintiff’s own psychiatric expert that the adverse side effects of the neuroleptic medication improperly administered by defendant “clear [ed] entirely” within several months of the cessation of its use, roughly 12 years before trial. Damages were properly awarded for past pain and suffering, since there was sufficient evidence to demonstrate that plaintiff, although at times in a vegetative state, had “ ‘some level of awareness’ ” (McDougald v Garber, 73 NY2d 246, 255 [1989]; see, Cramer v Benedictine Hosp., 301 AD2d 924, 930 [2003]; Weldon v Beal, 272 AD2d 321, 322 [2000]). The amount of the award for past *345 pain and suffering was excessive, however, considering, among other factors, the limited duration of the side effects complained of and the undisputed evidence that a number of those side effects, including catatonia and rigidity, were “secondary” to the underlying bipolar disorder for which plaintiff initially sought treatment.
The trial court properly allowed the testimony of plaintiff’s psychiatric expert, notwithstanding that the substance of his testimony was not disclosed in accordance with CPLR 3101 (d), where the nondisclosure does not appear to have been deliberate, defendant was aware early on of the nature of plaintiff’s malpractice claim and of plaintiff’s intent to elicit psychiatric expert testimony, the court offered defendant an adjournment “to cure any prejudice” caused by plaintiff’s late disclosure, and no actual prejudice was shown by defendant (see, St. Hilaire v White, 305 AD2d 209 [2003]). We have considered defendant’s other arguments and find them unavailing.
McCooe, J.P., Gangel-Jacob and Schoenfeld, JJ., concur.