Crew III, J.
Appeal from an order and judgment of the Supreme Court (Catena, J.), entered August 16, 2002 in Schenectady County, upon a verdict rendered in favor of defendant.
Defendant was hired to repair the water service at a home located on Columbia Street in the City of Schenectady, Schenectady County. In order to effect that repair, defendant dug a trench in the parking lane of Columbia Street. The trench was approximately four feet in width and extended TVs feet into the street. At the end of the workday, defendant covered the trench with two three-quarter-inch sheets of plywood, fastened an orange plastic barrel to the top of the plywood at the outer edge of the trench, erected a barricade and placed two warning cones at the site.
The following morning, plaintiff Edward Fazzone, Jr. was operating a garbage truck northerly on Columbia Street. As Fazzone drove over defendant’s plywood bridging, the right rear tire of the garbage truck collapsed through the plywood causing Fazzone to sustain injuries to his back, neck and right shoulder. As a consequence, Fazzone and his spouse, derivatively, com *679 menced this action against defendant alleging that defendant negligently bridged the trench. Following a trial, a jury determined that defendant was not negligent. Plaintiffs’ motion for judgment notwithstanding the verdict or, alternatively, for a new trial was denied and judgment was entered dismissing the complaint. Plaintiffs now appeal.
We affirm. Plaintiffs’ primary contention is that the jury improperly disregarded the uncontroverted testimony of their expert witness, who opined that defendant was in violation of a City of Schenectady ordinance that required that trenches of the sort involved here be bridged with steel plate. However, the ordinance in question, while indeed providing for bridging, does not dictate that such bridging be of steel plate. Additionally, on cross-examination, plaintiffs’ expert was asked whether the City permitted the covering of trenches with material other than steel plate, to which he replied, “This they basically leave up to the contractor.”
It is axiomatic that where, as here, evidence in the case is contrary to the facts that form the basis of an expert’s opinion, or where the expert equivocates on cross-examination, a jury may properly disregard the opinion (see e.g. Baker v Shepard, 276 AD2d 873, 875 [2000]). As there is ample evidence in the record from which the jury could have concluded that defendant was not negligent—namely, the precautionary measures undertaken by defendant and Fazzone’s admitted observance thereof—Supreme Court quite properly denied plaintiffs’ motion to set aside the verdict.
Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the order and judgment is affirmed, with costs.