HAMLET ZURITA, Respondent, v ARTHUR G. MCGINNIS et al., Appellants. [777 NYS2d 161]—

In an action, inter alia, to recover damages for wrongful death, the defendant Arthur McGinnis appeals, and the defendant Consolidated Edison of New York separately appeals, from a judgment of the Supreme Court, Kings County (Schneier, J.), dated October 1, 2002, which, upon a jury verdict finding the defendant Arthur G. McGinnis 48% at fault and the defendant Consolidated Edision of New York 52% at fault in the happening of the accident, and awarding the plaintiff damages in the sums of $3,170,000 for past pain and suffering, $38,000 for economic loss, and $12,500 for funeral expenses, is in favor of the plaintiff and against them.

Ordered that the judgment is reversed, on the law, with one bill of costs, the complaint is dismissed insofar as asserted against the defendant Consolidated Edison of New York, so much of the complaint as seeks to recover damages for past pain and suffering against the defendant Arthur G. McGinnis is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment in favor of the plaintiff and against the defendant Arthur G. McGinnis in the principal sum of $50,500.

The decedent was struck by a vehicle driven by the defendant Arthur G. McGinnis and was thrown in the vicinity of a work site maintained by the defendant Consolidated Edison of New York (hereinafter Con Ed). Despite the plaintiff's claim that the presence of electric cables and a sign indicating "Danger/Alive" at the work site prevented emergency workers from coming to the decedent's aid, there was no evidence that anyone with the

ability to render medical assistance was deterred from doing so by the sign or the cables. On the contrary, the record supported a finding that the decedent died prior to the arrival of police or emergency medical services. Thus, the Supreme Court should have dismissed the complaint insofar as asserted against Con Ed. There was no evidence from which a rational juror could have found that the conduct of Con Ed was a proximate cause of the decedent's injuries (*see Cohen v Hallmark Cards,* 45 NY2d 493 [1978]; *Francois v Commercial Hotel,* 131 AD2d 540 [1987]).

There was also no evidence presented at trial that the decedent cried out, spoke, or made intentional movements following the impact of McGinnis's vehicle (*cf. Fa-Shun Ou v New York City Tr. Auth.,* 309 AD2d 781 [2003]; *Krumenacker v Gargano,* 276 AD2d 750 [2000]). Hence, as there was no evidentiary basis from which a rational juror could have found that the decedent was conscious following the accident, the plaintiff is not entitled to recover damages for past pain and suffering (*see Cummins v County of Onondaga,* 84 NY2d 322 [1994]; *Fiederlein v New York City Health & Hosps. Corp.,* 56 NY2d 573, 574-575 [1982]; *Cohen v Hallmark Cards, supra* at 499; *Rivera v Eastern Paramedics,* 267 AD2d 1029 [1999]). Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.