■ PAUL T. CLARK, as Administrator c.t.a. of the Estate of FRANCIS M. WILSON, Deceased, and as Executor of LENORE C. WILSON, Deceased, Respondent, v BARRY ALAN WEINSTEIN, M.D., et al., Appellants. (Appeal No. 2.) [804 NYS2d 183]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered April 8, 2005. The order, upon renewal, adhered to the prior decision granting plaintiff's motion for leave to serve a second amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: At the time of his death in January 2002, Francis M. Wilson (decedent) was survived by his wife, his daughter, and the daughter's two children. Since their birth, both grandchildren had resided with decedent and his wife (collectively, grandparents), and the grandparents were awarded custody of them when they were, respectively, three and four years old. The grandparents retained custody of the children and provided them with full financial support for approximately 11 years, until decedent's death. During that time, the children had only minimal contact with their mother, who provided no financial support for them. Plaintiff, as administrator of decedent's estate and as executor of the estate of decedent's wife, commenced this medical malpractice and wrongful death action upon decedent's death. Supreme Court previously granted plaintiff's motion for leave to serve a second amended complaint asserting a wrongful death cause of action on behalf of decedent's daughter resulting from the pecuniary loss of support provided by decedent to the children. Defendants now appeal from an order granting their motion for leave to renew the motion of plaintiff adhering to the prior decision granting plaintiff's motion. We affirm.

As the court properly determined, plaintiff is entitled to assert the cause of action at issue herein on behalf of decedent's daughter for wrongful death damages arising from the loss of voluntary support provided by decedent to her children.

Pursuant to EPTL 5-4.4 (a), wrongful death damages "are exclusively for the benefit of the decedent's distributees and, when collected, shall be distributed to the persons entitled thereto [by statute]." Here, it is undisputed that decedent's daughter is a distributee of decedent and is entitled to recover for the voluntary assistance provided by decedent directly to her. Damages in a wrongful death action are limited to "fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought" (EPTL 5-4.3 [a]), including financially independent adult distributees (*see Gonzalez v New York City Hous. Auth.*, 77 NY2d 663, 668 [1991]). Here, decedent's daughter was legally obligated to provide support for her children despite the fact that her parents were awarded custody of them (*see Matter of Modica v Thompson*, 300 AD2d 662, 663 [2002]). Thus, the loss of decedent's support to the grandchildren has resulted in a direct loss to decedent's daughter, a distributee who must replace the support previously provided by decedent (*see generally Ramos v La Montana Moving & Stor.*, 247 AD2d 333 [1998]; *Abruzzo v City of New York*, 233 AD2d 278 [1996]; *Higgins v State of New York*, 192 AD2d 821 [1993]). Contrary to defendants' contention, the pecuniary loss to decedent's daughter arises from her need to replace the support previously provided by decedent and does not constitute a recovery on behalf of the grandchildren, who are non-distributees, for their direct loss of support. Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Pine, JJ.