■ JOYE MARACLE, Individually and as Administrator of the Estate of MICHELE KOHLER, Deceased, et al., Appellants, v JOSEPH CURCIO, Respondent. (Appeal No. 2.) [805 NYS2d 920]—Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered October 14, 2004. The order, insofar as appealed from, denied plaintiffs' motion to set aside certain parts of the jury verdict and to grant a new trial on certain issues.

Appeal and cross appeal from a judgment of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered October 22, 2004. The judgment, inter alia, upon a jury verdict, awarded plaintiffs the sum of $1,029,287.53, plus costs and disbursements.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting defendant's motion in part, setting aside the verdict in part and vacating the seventh decretal paragraph and the amounts awarded in the 10th and 11th decretal paragraphs and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiffs commenced this action seeking damages arising from the injuries sustained by their mother (decedent) when she fell down a flight of stairs owned by defendant. Those injuries eventually resulted in decedent's death 40 months later. Plaintiffs alleged that decedent's fall was due to the allegedly hazardous condition of the stairway. Defendant appeals and plaintiffs cross-appeal from a judgment rendered upon a jury verdict that, inter alia, awarded decedent's estate $125,000 for decedent's conscious pain and suffering, awarded plaintiffs the combined sum of $170,000 for past pecuniary losses but no damages for future pecuniary losses, and awarded plaintiff Melissa Kohler $500,000 for her claim for past mental suffering, emotional and psychological injury.

Contrary to the contention of defendant, Supreme Court properly denied that part of his motion to dismiss the claim seeking damages for decedent's conscious pain and suffering. The evidence presented at trial established that decedent, although in a vegetative state, had the requisite level of awareness necessary for such an award (see Weldon v Beal, 272 AD2d 321, 322 [2000]; Walsh v Staten Is. Obstetrics & Gynecology Assoc., 193 AD2d 672, 672-673 [1993], lv denied 82 NY2d 845 [1993]; see generally Cummins v County of Onondaga, 84 NY2d 322, 324-325 [1994]; McDougald v Garber, 73 NY2d 246, 255 [1989]). Contrary to plaintiffs' contention, the award of damages for conscious pain and suffering does not deviate materially from what would be reasonable compensation (see Walsh, 193 AD2d at 672-673; see generally CPLR 5501 [c]). The only pain medication prescribed for decedent was Tylenol, as needed, and she never communicated any indication of pain. Contrary

to plaintiffs' further contention, the jury's failure to award damages for future pecuniary losses is not against the weight of the evidence.

We agree with defendant, however, that the court erred in denying that part of his motion to dismiss Melissa Kohler's claim for past mental suffering, emotional and psychological injury. At the time of the accident, Melissa Kohler was not on the stairway, i.e., she was "not in imminent danger of physical harm at the time of the accident," and thus was not in the zone of danger (*Gonzalez v New York City Hous. Auth.*, 181 AD2d 440, 440 [1992]; *see Zea v Kolb*, 204 AD2d 1019, 1019-1020 [1994], *lv dismissed* 84 NY2d 864 [1994]; *see generally Bovsun v Sanperi*, 61 NY2d 219, 230-231 [1984]). We therefore modify the judgment accordingly, and we remit the matter to Supreme Court to recalculate the interest and award to Melissa Kohler and the total amount of the judgment. In light of our determination, we need not address plaintiffs' contention that the jury's failure to award Melissa Kohler future damages on that claim is against the weight of the evidence or defendant's contention that the court erred in applying General Obligations Law § 3-111 to the award on that claim. Defendant's contention that the court erred in its jury instruction is not preserved for our review, and in any event is without merit. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Pine, Lawton and Hayes, JJ.