■ ICYLYN JOY CARTER, Appellant-Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents-Appellants. [851 NYS2d 588]—

In a medical malpractice action to recover damages for wrongful death and conscious pain and suffering, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated September 22, 2005, as, upon a jury verdict in her favor and against the defendants on the issue of liability, denied her motion pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as awarded zero damages for the decedent's conscious pain and suffering, and for a new trial on that issue, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion pursuant to CPLR 4404 (a) which was to set aside so much of the jury verdict as awarded damages in the total sum of $96,000 to seven of the decedent's grandchildren for past economic loss.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, the plaintiff's motion pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as awarded zero damages for the decedent's conscious pain and suffering, and for a new trial on that issue, and that branch of the defendant's cross motion pursuant to CPLR 4404 (a) which was to set aside so much of the jury verdict as awarded damages in the total sum of $96,000 to seven of the decedent's grandchildren for past economic loss are granted, so much of the jury verdict as awarded zero damages for conscious pain and suffering, awarded damages in the total sum of $96,000 to seven of the decedent's grandchildren for past economic loss, and awarded no damages to the decedent's children for past economic loss, is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for conscious pain and suffering, and on the issue of damages recoverable pursuant to EPTL 5-4.3.

After complaining of stomach pain and temporarily losing consciousness, the plaintiff's decedent was admitted to Kings County Hospital Center (hereinafter the hospital) on January 31, 1999 and subsequently died there on February 2, 1999. She was survived by all nine of her children and approximately 59 grandchildren. As the administrator of the decedent's estate, the plaintiff commenced this medical malpractice action against the defendants to recover damages for wrongful death and conscious pain and suffering. After trial, the jury found that the defendant New York City Health and Hospitals Corporation had departed from accepted medical practice, and that such departure was a substantial factor in causing injury or death to the decedent. The jury awarded zero damages for the decedent's conscious pain and suffering, and zero damages for past eco-

nomic loss to any of the decedent's children. The jury did, however, award damages for past economic loss to seven of the decedent's grandchildren.

That portion of the jury verdict awarding zero damages for the decedent's conscious pain and suffering may be set aside as against the weight of the evidence only if the evidence on that issue so preponderated in favor of the plaintiff that the jury could not have reached its determination on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). The jury found that the hospital failed to consider and evaluate the decedent for aortic dissection, and that such failure was a departure from accepted medical practice as well as a substantial factor in causing injury or death to the decedent. Inasmuch as both parties' experts agreed that an aortic dissection causes extreme pain, even if only for a relatively brief period of time, we find that the jury could not fairly conclude, as it apparently did, that the decedent died from an aortic dissection while in the care of the hospital yet experienced no conscious pain and suffering. Therefore, a new trial on that issue is required.

Moreover, the Supreme Court erred in denying that branch of the defendants' cross motion which was to set aside the award of damages for past economic loss to seven of the decedent's grandchildren. "A cause of action to recover damages for wrongful death is a property right belonging solely to the distributees of the decedent and vests in them at the decedent's death" (*DeLuca v Gallo*, 287 AD2d 222, 225 [2001]; *see* EPTL 4-1.1, 5-4.4 [a]). Where, as here, the decedent is survived by issue and no spouse, all of the decedent's property passes to the issue, by representation (*see* EPTL 4-1.1 [a] [3]). As all nine of the decedent's children were still alive at the time of the decedent's death, none of the decedent's grandchildren qualifies as a distributee (*cf. Gonzalez v New York City Hous. Auth.*, 77 NY2d 663, 668 [1991] [grandchildren were the decedent's distributees where decedent was survived only by her daughter-in-law and her grandchildren, but no children]). Inasmuch as the wrongful death statute is in derogation of common law, and therefore must be strictly construed (*see Farrar v Brooklyn Union Gas Co.*, 73 NY2d 802, 804 [1988]), the award of damages for past economic loss made directly to the decedent's grandchildren must be set aside.

Nevertheless, based on the totality of the record before us, including the charge given to the jury, we conclude that the damages improperly awarded to the grandchildren might well have been intended as a lawful award to the proper distributees

(*see Clark v Weinstein*, 23 AD3d 1054, 1055 [2005]; *Ramos v La Montana Moving & Stor.*, 247 AD2d 333 [1998]). Under the circumstances, a new trial is required to determine whether the decedent's lawful distributees are entitled to economic loss damages.

As a new trial is required, we note that it was improper for the Supreme Court in this case to use a special verdict sheet requiring the jury to determine the amount of economic loss damages to be awarded to each individual distributee. The jury's role should have been limited to determining, based on the evidence presented at trial, the total amount of wrongful death damages to be awarded to all distributees (*see* EPTL 5-4.3). The apportionment of any award of economic loss damages made upon retrial should be determined by the Supreme Court, Kings County, or by the Surrogate's Court, Bronx County, after a hearing in accordance with applicable law (*see* EPTL 5-4.4; SCPA 2204; *cf. Pollicina v Misericordia Hosp. Med. Ctr.*, 82 NY2d 332 [1993]). Prudenti, P.J., Fisher, Santucci and Angiolillo, JJ., concur.