■ Valerie Nelson, Appellant, v Benjamin M. Schwartz, M.D., et al., Respondents, et al., Defendant. [933 NYS2d 880]—

"A jury verdict in favor of a defendant may not be set aside as being against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence" (*Landau v Rappaport*, 306 AD2d 446, 446-447 [2003]; *see Nicastro v Park*, 113 AD2d 129, 134 [1985]). This standard "was intended to accentuate the principle that when a jury, upon being presented with sharply conflicting evidence creating a factual dispute, resolved the controversy in favor of the defendant upon a fair interpretation of the evidence, that finding should be sustained" (*Nicastro v Park*, 113 AD2d at 134). "A jury is not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other testimony and/or the facts disclosed on cross-examination" (*Zapata v Dagostino*, 265 AD2d 324, 325 [1999]). "Indeed, a jury is at liberty to reject an expert's opinion if it finds the facts to be different from those which formed the basis for the opinion or if, after careful consideration of all the evidence in the case, it disagrees with the opinion" (*id.*).

Here, the plaintiff and the defendants Benjamin M. Schwartz, Schwartz Gynecologic Oncology, PLLC, Sudha Kuncham, and Wantagh OB/GYN, P.C. (hereinafter collectively the defendants), presented expert testimony in support of their respective positions, and the jury was entitled to accept one expert's opinion and reject that of another expert (*see Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588 [2011]). This determination and the jury's ultimate determination that the defendants did not depart from good and accepted medical practice were based upon a fair interpretation of the evidence presented at trial, and, therefore, will not be disturbed (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Manuka v Crenshaw*, 43 AD3d 886, 887 [2007]; *Nicastro v Park*, 113 AD2d at 135).

While the trial court erred in giving an "error in judgment" charge to the jury (PJI 2:150), under the facts of this case, the error was harmless (*see Nestorowich v Ricotta*, 97 NY2d 393 [2002]). Mastro, A.P.J., Chambers, Austin and Miller, JJ., concur.