*899 In a medical malpractice action to recover damages for conscious pain and suffering, etc., the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Adler, J.), dated June 30, 2011, which, after a jury verdict finding the decedent 50% at fault for the decedent’s injuries and death and the defendants 50% at fault, denied her motion pursuant to CPLR 4404 (a) to set aside so much of a jury verdict as awarded her zero damages for the decedent’s conscious pain and suffering on the ground that it was against the weight of the evidence, and (2) a judgment of the same court entered October 24, 2011, which, upon the order, is in favor of the defendants and against her dismissing the complaint.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the defendants.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The plaintiff commenced this action, inter alia, to recover damages for conscious pain and suffering allegedly experienced by her mother (hereinafter the decedent) as a result of the defendants’ failure to properly treat polyps that had developed on her vocal cords. Evidence adduced at trial demonstrated that the decedent had sought medical treatment for laryngeal polyps in the days prior to her death. The plaintiff testified that, on the date the decedent died, she arrived at the decedent’s house and observed emergency medical services (hereinafter EMS) workers attempting to revive her. The plaintiff testified that the decedent had no pulse when she arrived. Neither the decedent’s roommates, who were present when the plaintiff arrived at the decedent’s house, nor the EMS workers who responded to the decedent’s house, testified at the trial.
The plaintiff’s expert opined that the decedent died from asphyxiation caused by the laryngeal polyps and that she may have stopped breathing about 30 minutes before the EMS workers attempted to resuscitate her. An expert called by the defendants testified that the decedent died prior to the arrival of the EMS workers. The plaintiff’s expert testified that death by sud *900 den asphyxiation was “miserable” and that a person who was suddenly unable to breathe would wake up if they were asleep and would feel “terrible.” The defendants presented expert testimony indicating that the decedent, who had been taking muscle relaxant medication, died of sleep apnea and chronic obstructive pulmonary disease. Such a condition and medication could “blunt” a person’s response to asphyxiation such that a gradual diminishment of oxygen in the blood would cause the person to “just go to sleep” resulting in “a slow . . . fairly somnolent death.”
After trial, the jury found that the decedent was 50% at fault and the defendants were 50% at fault for the decedent’s injuries and death. With respect to damages, the jury returned a verdict of zero for the decedent’s conscious pain and suffering. The plaintiff moved pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as awarded her zero damages for the decedent’s conscious pain and suffering on the ground that it was against the weight of the evidence. The Supreme Court denied the motion and, thereafter, entered judgment in favor of the defendants and against the plaintiff dismissing the complaint.
“A claim to recover damages for conscious pain and suffering requires proof that the injured party experienced some level of cognitive awareness following the injury” (Williams v City of New York, 71 AD3d 1135, 1137 [2010]; see McDougald v Garber, 73 NY2d 246, 255 [1989]; Johnson v Jacobowitz, 65 AD3d 610, 614 [2009]; Zurita v McGinnis, 7 AD3d 618, 619 [2004]). “Mere conjecture, surmise or speculation is not enough to sustain a claim for [such] damages” (Fiederlein v New York City Health & Hosps. Corp., 56 NY2d 573, 574 [1982]; see Cummins v County of Onondaga, 84 NY2d 322, 325 [1994]; Zurita v McGinnis, 7 AD3d at 619).
A jury verdict on the issue of damages may be set aside “as against the weight of the evidence only if the evidence on that issue so preponderated in favor of the plaintiff that the jury could not have reached its determination on any fair interpretation of the evidence” (Carter v New York City Health & Hosps. Corp., 47 AD3d 661, 663 [2008]; see Williams v City of New York, 71 AD3d at 1137). “A jury is not required to accept an expert’s opinion to the exclusion of the facts and circumstances disclosed by other testimony and/or the facts disclosed on cross-examination” (Zapata v Dagostino, 265 AD2d 324, 325 [1999]; see Nelson v Schwartz, 90 AD3d 626, 626 [2011]; Brady v City of New York, 39 AD2d 600, 601 [1972]; see also PJI 1:90). “Indeed, a jury is at liberty to reject an expert’s opinion if it finds the *901 facts to be different from those which formed the basis for the opinion or if, after careful consideration of all the evidence in the case, it disagrees with the opinion” (Zapata v Dagostino, 265 AD2d at 325; see Nelson v Schwartz, 90 AD3d at 626; see also PJI 1:90). Determinations regarding the credibility of expert witnesses are entitled to great weight on appeal, as the jury had the opportunity to observe and hear the experts (see Abdelkader v Shahine, 66 AD3d 615, 616-617 [2009]; Ross v Mandeville, 45 AD3d 755, 757 [2007]; Landau v Rappoport, 306 AD2d 446, 446 [2003]).
Here, that portion of the jury verdict which awarded the plaintiff zero damages for the decedent’s conscious pain and suffering was based on a fair interpretation of the evidence and we find no reason to disturb the jury’s resolution of credibility issues in favor of the defendants (see Zygmunt v Berkowitz, 301 AD2d 593, 594-595 [2003]; cf. Williams v City of New York, 71 AD3d at 1137-1138; Carter v New York City Health & Hosps. Corp., 47 AD3d at 663).
The plaintiffs remaining contention that the jury verdict was inconsistent is unpreserved for appellate review (see Frenchman v Westchester Med. Ctr., 77 AD3d 618, 619 [2010]; Lovett v Interfaith Med. Ctr., 52 AD3d 578, 580 [2008]; Smith v Sheehy, 45 AD3d 670, 671 [2007]).
Accordingly, the Supreme Court properly denied the plaintiffs motion pursuant to CPLR 4404 (a) to set aside so much of a jury verdict as awarded her zero damages for the decedent’s conscious pain and suffering. Mastro, J.E, Austin, Cohen and Miller, JJ., concur.