■ MELINDA MARTEL, as Surviving Spouse and Administratrix of the Estate of ROGER M. MARTEL, Deceased, et al., Respondents, v SOUTHAMPTON HOSPITAL et al., Appellants, et al., Defendants. [38 NYS3d 622]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendant Southampton Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated November 29, 2013, as, in effect, denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiff Sarah M. Merritt, and the defendants Louis John Avvento, Alexander Zuhoski, and Steven Paul Ouzounian separately appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Sarah M. Merritt.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the defendant Southampton Hospital and the defendants Louis John Avvento, Alexander Zuhoski, and Steven Paul Ouzounian, appearing separately and filing separate briefs, and that branch of the motion of the defendant Southampton Hospital which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiff Sarah M. Merritt, and the

separate motion of the defendants Louis John Avvento, Alexander Zuhoski, and Steven Paul Ouzounian which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Sarah M. Merritt are granted.

The plaintiffs' decedent, Roger M. Martin, was admitted to the defendant Southampton Hospital (hereinafter the hospital) on July 11, 2006, and died four days later. He was survived by the plaintiffs, his wife, Melinda Martel, and two stepchildren, Mitchell Beyel and Sarah M. Merritt. The plaintiffs commenced this action, inter alia, to recover damages for wrongful death against the hospital and physicians who allegedly treated the decedent, the defendants Louis John Avvento, Alexander Zuhoski, and Steven Paul Ouzounian (hereinafter collectively the physicians). The Supreme Court, inter alia, denied that branch of the hospital's motion which was for summary judgment dismissing the complaint insofar as asserted against it by Merritt and denied the physicians' motion for summary judgment dismissing the complaint insofar as asserted against them by Merritt.

The statutory cause of action alleging wrongful death, embodied in EPTL 5-4.1, authorizes the personal representative of a decedent survived by distributees to maintain an action for wrongful death (*see Gonzalez v New York City Hous. Auth.*, 77 NY2d 663, 667 [1991]). " 'A cause of action to recover damages for wrongful death is a property right belonging solely to the distributees of the decedent and vests in them at the decedent's death' " (*Carter v New York City Health & Hosps. Corp.*, 47 AD3d 661, 663 [2008], quoting *DeLuca v Gallo*, 287 AD2d 222, 225 [2001]; *see* EPTL 4-1.1, 5-4.4 [a]; *see also Motelson v Ford Motor Co.*, 101 AD3d 957, 962 [2012], *affd* 24 NY3d 1025 [2014]; *Alberino v Long Is. Jewish-Hillside Med. Ctr.*, 87 AD2d 217, 218 [1982]). As the decedent's stepchild, Merritt did not qualify as a distributee of the decedent (*see* EPTL 4-1.1, 5-4.4 [a]). Inasmuch as the wrongful death statute is in derogation of common law, it must be strictly construed (*see Gonzalez v New York City Hous. Auth.*, 77 NY2d at 667; *Carter v New York City Health & Hosps. Corp.*, 47 AD3d at 663). Accordingly, the Supreme Court should have directed the dismissal of the complaint insofar as asserted by Merritt (*see Carter v New York City Health & Hosps. Corp.*, 47 AD3d at 661). Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur. ■