Estreich v Jewish Home Lifecare (2019 NY Slip Op 08970)





Estreich v Jewish Home Lifecare


2019 NY Slip Op 08970


Decided on December 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 17, 2019

Gische, J.P., Mazzarelli, Singh, Moulton, JJ.


10590 450176/16

[*1] Marta Michelle Estreich, etc., Plaintiff-Appellant,
v
Jewish Home Lifecare, et al., Defendants, New York-Presbyterian Hospital, et al., Defendants-Respondents.


The Jacob D. Fuchsberg Law Firm, LLP, New York (Walter Osuna of counsel), for appellants.
Martin Clearwater & Bell LLP, New York (Jean M. Post of counsel), for New York-Presbyterian Hospital, respondent.
Georgia M. Pestana, Acting Corporation Counsel, New York (Eva L. Jerome of counsel), for New York City Health and Hospitals Corporation, respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered April 4, 2018, which, insofar as appealed from as limited by the briefs, granted defendant New York-Presbyterian Hospital's and defendant New York City Health and Hospitals Corporation's motions for summary judgment dismissing the conscious pain and suffering claim as against them, unanimously reversed, on the law, without costs, and the motions denied.
The record presents issues of fact as to whether plaintiff's decedent experienced "some level of cognitive awareness" during her admissions to defendant facilities (see Sanchez v City of New York, 97 AD3d 501, 506 [1st Dept 2012]). Defendants' experts opined that the decedent did not have cognitive awareness or the ability to experience conscious pain during the relevant periods. These experts relied on notations in the medical records that the decedent had suffered extensive brain injury, was unresponsive, and was in a vegetative state. However, although she was in a vegetative state, the decedent was generally responsive to pain, and sometimes followed commands or responded to verbal stimuli (see Williams v City of New York, 71 AD3d 1135, 1137-1138 [2d Dept 2010]; Walsh v Staten Is. Obstetrics & Gynecology Assoc., 193 AD2d 672, 673 [2d Dept 1993], lv denied 82 NY2d 845 [1993]; see also Maracle v Curcio, 24 AD3d 1233, 1234 [4th Dept 2005], lv denied 7 NY3d 703 [2006]; Weldon v Beal, 272 AD2d 321, 322 [2d Dept 2000]). Although defendants' experts opined that reflex responses to pain, such as grimacing or withdrawing, are not signs of conscious awareness, at least some of the behaviors recorded in the medical records transcend such reflex responses.
The medical records also reflect that the decedent was administered pain medication in at least one of defendant facilities. Although not dispositive, this fact suggests that the decedent's doctors believed that she might be able to experience pain.
In addition, plaintiff testified that, while at defendants' facilities, the decedent made expressions of pain or emotion, such as moaning, crying, or smiling, and communicated with her by blinking (see Williams, 71 AD3d at 1137-38; Walsh, 193 AD2d at 673). Plaintiff's belief that the decedent blinked in response to questions was reflected in the medical records, although the phenomenon was not itself observed by others. The fact that the decedent did not communicate via blinking on some occasions does not mean that she never did so, as it is possible (and consistent with plaintiff's own testimony) that her mental condition got better and worse. Although defendants' experts opined that it was "not medically plausible" that the decedent blinked in response to questions, these opinions are not sufficient to render plaintiff's testimony [*2]incredible as a matter of law, especially because the experts never actually observed the decedent's behavior.
Plaintiff's expert also opined that the decedent "had a sufficient level of awareness to enable her to feel pain," as evidenced by the fact that she "made facial expressions, smiled, ... grimaced, moaned, blinked, responded to simple questions, responded to verbal and tactile stimuli, and retracted to pain," all of which were "indicators of some level of awareness and conscious pain." Although plaintiff's expert did not specifically address defendants' experts' assertions that reflexes are not evidence of conscious perception of pain, it is sufficient that she opined that the specific behaviors on which she relied (which included but were not limited to such reflexes) were "indicators of some level of awareness and conscious pain."
We decline to consider defendant New York-Presbyterian Hospital's argument about proximate causation, which was improperly raised for the first time on appeal (see U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 146 AD3d 603, 603-04 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 17, 2019
CLERK