MARIE C. ROVEDA et al., Appellants, v. HYMAN WEISS, Respondent.— In an action to recover damages for injuries to person and property, plaintiffs appeal from a judgment of the Supreme Court, Richmond County, dated July 10, 1957, entered upon a jury verdict in their favor. Judgment reversed on the law and the facts and a new trial granted, with costs to abide the event. Plaintiffs contend that the verdict was inadequate; that remarks by the court precluded a fair trial; and that the court committed reversible error in rejecting and admitting certain evidence. The cause of action arose when defendant's automobile struck the rear of plaintiffs' automobile. Liability for the accident was conceded by defendant. Plaintiff Marie Roveda claimed disk injuries in the back and neck. Several witnesses testified as medical experts. Their testimony was in conflict as to the extent and severity of the injuries. The jury's verdict reflected a belief that there were no " disk " injuries or that, if there were such injuries, they

did not stem from the accident. Where there is such a conflict of evidence, the credibility of witnesses and the truthfulness and accuracy of their testimony are issues for the jury (*Kelly* v. *Watson Elevator Co.*, 309 N. Y. 49; *Barnet* v. *Cannizzaro*, 3 A D 2d 745), which should not be resolved by the court. With respect to the alleged prejudicial remarks by the court, such remarks constituted efforts merely to clarify statements made by the several witnesses and to prevent the jury from becoming confused by such statements. However, there are errors of law serious enough to necessitate a reversal. Dr. Sherman, one of plaintiffs' medical experts, stated on cross-examination that he had never heard of a Dr. Armstrong, the author of a certain medical book, nor heard of the book itself. Nevertheless, over objection, the court permitted counsel to elicit the witness' opinion as to the correctness or incorrectness of a statement which counsel read from the book. The witness disagreed with the statement, which conflicted with his testimony. Similar rulings were made on the cross-examination of another of plaintiffs' medical experts, Dr. Braaf, and on the cross-examination of one of defendant's medical experts. The court's rulings in permitting the use of textbooks, which had not been accepted as authoritative by the witness in each instance, were erroneous. Such rulings permitted violation of the hearsay evidence rule (*People* v. *Feldman*, 229 N. Y. 153, 167–168; *Hastings* v. *Chrysler Corp.*, 273 App. Div. 292). Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.