Finnerty, Respondents. — In a proceeding to invalidate petitions designating respondent John P. Finnerty as a candidate in the Right to Life Party Primary Election to be held on September 10, 1981 for the public office of Suffolk County Legislator in the 11th Legislative District, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated August 18, 1981, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. Petitioner lacks standing (see *Matter of Menendez v McNab,* 83 AD2d 893). Were petitioner deemed to have standing, we would find no merit in his argument that the Right to Life Party has failed to validly designate the office in issue (see *Matter of Donnelly v McNab,* 83 AD2d 896). Mollen, P.J., Hopkins, O'Connor and Weinstein, JJ., concur.

■ In the Matter of IRA M. HARITON, Appellant, v EVERETT F. McNAB et al., Constituting the Board of Elections of the County of Suffolk, and JOHN P. FINNERTY, Respondents. — In a proceeding to invalidate the petition designating respondent John P. Finnerty as a candidate in the Conservative Party Primary Election to be held on September 10, 1981 for the public office of Suffolk County Legislator, 11th Legislative District, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated August 18, 1981, which dismissed the application. Judgment affirmed, without costs or disbursements. Since petitioner-appellant is not an enrolled member of the Conservative Party, he is not an "aggrieved candidate" and lacks standing to challenge the petition designating respondent Finnerty as that party's candidate for Suffolk County Legislator for the 11th Legislative District. (See *Matter of Wydler v Cristenfeld,* 25 NY2d 719; see, also, *Matter of Menendez v McNab,* 83 AD2d 893.) In any event, we find no merit in petitioner's contention that respondent Finnerty's acceptance was invalid because it was executed and filed prior to the filing of the designating petition. Mollen, P.J., Hopkins, O'Connor and Weinstein, JJ., concur.

■ In the Matter of JANET KENT, Appellant, v JAMES L. BASS et al., Respondents, and JANE P. REILLY, Respondent. — In a proceeding to validate a petition designating petitioner as a candidate in the Liberal Party Primary Election to be held on September 10, 1981 for the public office of council member, New York City Council, 30th Councilmanic District, the appeal is from a judgment of the Supreme Court, Kings County (Slavin, J.), dated August 11, 1981, denying the petition. Judgment reversed, on the law, without costs or disbursements, and petition granted. The board of elections is directed to restore petitioner's name to the ballot. One of the sheets in the designating petition contained a sequence of signatures dated July 21, 1981. Interspersed within this sequence was a single signature dated "8-21-81". The court struck not only the signature bearing the "8-21-81" date, but also the two signatures immediately following. These signatures, which were otherwise valid, bore the date July 21, 1981. In light of the fact that the designating petition was received by the board of elections on July 23, 1981, the "8-21-81" date was an obvious error which should not serve to invalidate the two subsequent signatures. Those two signatures, when added to the 25 other valid signatures, give petitioner the 27 valid signatures needed for designation as a candidate in the Liberal Party Primary Election for the public office of council member. Mangano, J.P., Rabin, Margett and Thompson, JJ., concur.

■ In the Matter of MARY A. KOHLROSER et al., Respondents, v EVERETT McNAB et al., Respondents, and LEONARD GIORDANO, Appellant. — In a proceeding to validate petitions designating the petitioners as candidates in the Republican Party Primary Election to be held on September 10, 1981, for