■ MARLA ROSENBERG et al., Appellants-Respondents, v IRVING E. RIXON et al., Respondents-Appellants, and KENNETH J. EINHART, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated December 31, 1982, which, upon a verdict after trial on the issue of liability only finding defendants Irving E. Rixon (hereinafter Rixon) and Capgro Leasing Corp. (hereinafter Capgro) 30% at fault in the happening of the accident and defendant Kenneth J. Einhart (hereinafter Einhart) 70% at fault, and upon a jury verdict in favor of the defendants and against plaintiffs after a trial on the issue of damages, in effect, dismissed their complaint. The defendants Rixon and Capgro cross-appeal from so much of the judgment as is entered upon the jury's apportionment of fault after trial on the issue of liability.

Cross appeal dismissed. Defendants Rixon and Capgro are not aggrieved by the judgment since it dismisses plaintiffs' complaint as against them (CPLR 5511). The jury's apportionment of fault after trial on the issue of liability is brought up for review and has been reviewed on the plaintiffs' appeal from the judgment (CPLR 5501 [a] [1]; *Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539, 544-545).

On plaintiffs' appeal judgment modified, on the law, by deleting therefrom the provisions which are in favor of the defendants and against the plaintiff Marla Rosenberg and severing the first cause of action, asserted by said plaintiff from the remaining derivative cause of action asserted by plaintiff Arlene Rosenberg. As so modified, judgment affirmed, without costs or disbursements, and the severed action of plaintiff Marla Rosenberg is remitted to the Supreme Court, Nassau County, for a new trial limited to the issue of damages only. The findings of fact on the issue of liability are affirmed.

In this case a bifurcated jury trial was held on the issues of liability and damages. With respect to the issue of liability, it cannot be said upon this record that the evidence was so heavily weighted against the plaintiffs that the jury could not have reached the verdict in their favor upon any fair interpretation of the evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Lincoln v Austic,* 60 AD2d 487, 491, *lv denied* 44 NY2d 644). Although there was conflicting evidence concerning the details of the accident, the credibility of the witnesses and the accuracy of their testimony were issues for the jury to determine (*Roveda v Weiss,* 11 AD2d 745, 746). The jury's apportionment of fault between the defendants is supported by the evidence.

With respect to the issue of damages, plaintiff claimed that as a result of the accident, she sustained a cerebral concussion, cervical sprain and lumbo-sacral sprain. She also claimed that a preexisting knee problem, which was stable prior to the accident, was aggravated because, as a consequence of the accident, she could not continue a prescribed treatment of exercises for her knees. Several medical expert witnesses testified on behalf of the respective parties. Defendants' position was that plaintiff Marla Rosenberg sustained merely a contusion of the head.

Under these circumstances, we find that the court's charge to the jury on the issue of damages was generally insufficient. In view of the complexity of the issues, and the extensive and confusing medical expert testimony, the instructions should have included a statement of the parties' respective contentions, a discussion of the evidence, and an explanation relating the evidence to the principles of law charged (*see, Green v Downs,* 27 NY2d 205). The entire charge, covering only 12 pages in the printed record, merely discussed, in the abstract, the applicable principles of law, without any references to the evidence or the contentions of the parties. Moreover, the court further erred in refusing to instruct the jury, as requested, on the principles of damages relevant to the alleged aggravation of plaintiff Marla Rosenberg's preexisting knee condition (1 PJI § 2:282, p 634 [2d ed]).

We also find that the trial court erred in precluding plaintiffs' attorney from eliciting certain explanatory testimony from the injured plaintiff's father on cross-examination, after he had been questioned during direct examination on the issue of his claim to the no-fault carrier.

Since plaintiff Arlene Rosenberg failed to prove damages upon her derivative cause of action, so much of the judgment as is against her and in favor of the defendants must be affirmed.

In view of our modification of the judgment on the issue of damages of plaintiff Marla Rosenberg based upon the foregoing errors, we need not reach the parties' other contentions. Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.