■ Daniel J. Pelosi et al., Appellants-Respondents, v TJA Maintenance Programming et al., Respondents-Appellants, and Joseph Gazza et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. Granite Cement & Brick Mason, Inc., Third-Party Defendant-Respondent. [668 NYS2d 706] —In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Oshrin, J.), entered April 24, 1995, which, upon a jury verdict after a trial on the issue of damages only, is in favor of the defendants TJA Maintenance Programming, TJA Auto Sales, TJA Auto Collision, Joseph Gazza, and George Paro, and against them, (2) the defendants TJA Maintenance Programming, TJA Auto Sales, and TJA Auto Collision cross-appeal from the judgment entered April 24, 1995,

and (3) the defendants third-party plaintiffs Joseph Gazza and George Paro, cross-appeal, (1) as limited by their brief, from so much of an interlocutory judgment of the same court (Seidell, J.), entered May 26, 1994, as was in favor of the third-party defendant and against them, and (2) from the judgment entered April 24, 1995.

Ordered that the cross appeal by the defendants third-party plaintiffs from the interlocutory judgment is dismissed; and it is further,

Ordered that the cross appeals by the defendants TJA Maintenance Programming, TJA Auto Sales, and TJA Auto Collision, and the defendants third-party plaintiffs Joseph Gazza and George Paro, respectively, from the judgment entered April 24, 1995, are dismissed, as those parties are not aggrieved by that judgment; and it is further,

Ordered that the judgment dated April 24, 1995, is affirmed, without costs or disbursements.

The cross appeal from the interlocutory judgment must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action on April 24, 1995 (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on the cross appeal from the interlocutory judgment are brought up for review and have been considered on the appeal from the judgment (*see*, CPLR 5501 [a] [1]).

The plaintiff Daniel Pelosi alleges that his back was injured when he fell through an acoustical tile ceiling while working at a construction site, and that the pain from his back injury caused him to abuse drugs and alcohol for many years after the accident. After a trial on the issue of damages, the jury found that Pelosi suffered an injury as a result of the accident but awarded him no damages. On appeal, the plaintiffs contend that the verdict was inconsistent and against the weight of the evidence.

The contention that the verdict was inconsistent, which was made at a time when the jury had already been discharged, is unpreserved for appellate review (*see, Barry v Manglass*, 55 NY2d 803). Furthermore, a jury verdict will not be set aside absent a showing that the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Peck v Bon Aire Condominium IV Assn.*, 234 AD2d 438; *Vebeliunas v American Natl. Fire Ins. Co.*, 156 AD2d 555). The physical pain alleged by Pelosi was not demonstrated by any evidence other than his own testimony and subjective complaints to his experts and treating physician. In addition, Pelosi's credibility was severely impeached on cross-examination. Moreover, the

defendants' experts explained that there were several reliable indications that Pelosi was malingering or exaggerating his injuries. The evidence was similarly convincing that Pelosi's addictions were not made worse by the accident.

Since there is no reason to disturb the jury's verdict on damages, the defendants' contentions with respect to the jury's determinations as to fault are rendered academic because damages are an essential element of liability. Santucci, J. P., Joy, Friedmann and Luciano, JJ., concur.