■ PETER SENNO, Appellant, et al., Plaintiff, v PICTURE CARS EAST, INC., et al., Respondents. [712 NYS2d 52] —In an action to

recover damages for personal injuries, etc., the plaintiff Peter Senno appeals from (1) a judgment of the Supreme Court, Westchester County (Bellantoni, J.), dated April 16, 1999, which, upon the granting of the motion of the defendants Picture Cars East, Inc., and Queensborough Productions, Inc., to dismiss the complaint insofar as asserted against them, and upon a jury verdict on the issue of liability finding the defendant Steven Bochco Productions, Inc., 100% at fault in the happening of the accident, and upon a verdict on the issue of damages finding that the accident was not a proximate cause of his injuries, is in favor of the defendants and against him, and (2) an order of the same court, entered June 22, 1999, which denied his motion pursuant to CPLR 4404, *inter alia*, to set aside the verdict on the issue of damages and for a new trial.

Ordered that the judgment and the order are affirmed, with one bill of costs.

The appellant alleges that he sustained injuries when he was struck by a car driven by the defendant David Caruso while working on the set of the television show "NYPD Blue". The jury found the defendant Steven Bochco Productions, Inc., 100% at fault in the happening of the accident, but after a trial on the issue of damages, found that the accident was not a proximate cause of the appellant's injuries and therefore awarded him no damages.

Contrary to the appellant's contention, the verdict on the issue of damages was not against the weight of the evidence. A jury verdict will not be set aside as against the weight of the evidence absent a showing that the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Pelosi v TJA Maintenance Programming*, 247 AD2d 453; *Peck v Bon Aire Condominium IV Assn.*, 234 AD2d 438). There was evidence that the appellant's injuries resulted from a degenerative condition and a prior automobile accident, and were not caused or exacerbated by the accident at issue in this case. Consequently, the jury's verdict on the issue of damages was supported by a fair interpretation of the evidence.

The appellant's remaining contentions with regard to alleged errors in the damages portion of the trial are unpreserved for appellate review. In any event, his contentions are either without merit or would not warrant reversal. Since there is no reason to disturb the jury's verdict on the issue of damages, the appellant's contentions with respect to the liability portion of the trial are academic (*see, Pelosi v TJA Maintenance Programming, supra*). O'Brien, J. P., Sullivan, Altman and H. Miller, JJ., concur.