■ STATE FARM MUTUAL AUTOMOBILE INSURANCE et al., Appellants-Respondents, v RITA VITIELLO et al., Defendants, and MAYRICH CONSTRUCTION CORP. et al., Respondents-Appellants. [734 NYS2d 625] —In an action for a judgment declaring that the plaintiffs are not obligated to defend and indemnify their insured, the defendant Gaetano Vitiello, in an underlying action entitled *Mayrich Construction Corp. v Vitiello,* pending in the Supreme Court, Bronx County, under Index No. 78945/96, the plaintiffs appeal from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Lefkowitz, J.), dated June 20, 2000, as, upon a decision of the same court dated May 1, 2000, declared that they are estopped from denying coverage and are required to indemnify the defendants Genstar Ins. Co. and Mayrich Construction Corp. in the sum of $1,100,000, the defendant Mayrich Construction Corp. cross-appeals from so much of the same order and judgment as determined that coverage was not afforded under the subject insurance policy, and the defendant Genstar Insurance Co. separately cross-appeals from so much of the same order and judgment as failed to award it prejudgment interest.

Ordered that the cross appeal by the defendant Mayrich Construction Corp. is dismissed, as it is not aggrieved by order and judgment entered in its favor (*see,* CPLR 5511); and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from by the plaintiffs and cross-appealed from by the defendant Genstar Insurance Co., without costs or disbursements.

Contrary to the plaintiffs' contention, the Supreme Court properly determined that they were estopped from denying coverage on behalf of the defendant Gaetano Vitiello, their insured, since the plaintiffs were aware that certain exclusions to coverage were applicable therein and the plaintiffs untimely sought to disclaim coverage after assuming their insured's

defense of the underlying action (*see, Utica Mut. Ins. Co. v 215 W. 91st St. Corp.*, 283 AD2d 421; *Brooklyn Hosp. Ctr. v Centennial Ins. Co.,* 258 AD2d 491).

Further, the Supreme Court providently exercised its discretion in declining to award prejudgment interest to the defendant Genstar Ins. Co. (*see,* CPLR 5001 [a]; *Donati v Marinelli Constr. Corp.,* 247 AD2d 423).

The cross appeal by the defendant Mayrich Construction Corp. (hereinafter Mayrich) must be dismissed on the ground that it is not aggrieved by the order and judgment entered in its favor (*see,* CPLR 5511). To the extent that Mayrich seeks review of certain language contained in the order and judgment which it deems adverse to its interest, we need not address that issue in light of our determination (*see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539). S. Miller, J. P., Friedmann, Adams and Cozier, JJ., concur.