■ CARMELA GIUGLIANO, Appellant, v ANTHONY M. GIAMMARINO et al., Respondents, et al., Defendant. [829 NYS2d 685]— In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered January 27, 2005, which, upon a jury verdict, is in favor of the defendants Anthony M. Giammarino, Richard Rubenstein, and Jong-Chu Jean, and against her, dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed, with one bill of costs.

The standard for reviewing whether a jury's verdict was against the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Paolilli v Lynch*, 32 AD3d 532 [2006]; *Fryer v Maimonides Med. Ctr.*, 31 AD3d 604, 605 [2006]). Contrary to the plaintiff's contention, it cannot be said that the jury could not have reached the verdict on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets, supra* at 746; *Fryer v Maimonides Med. Ctr., supra* at 605; *Nicastro v Park*, 113 AD2d 129, 133 [1985]). The divergent testimony of the parties and their medical experts presented issues of credibility to be resolved by the jury, which had the opportunity to observe and assess the witnesses and the evidence (*see Fryer v Maimonides Med. Ctr., supra*). Rivera, J.P., Santucci, Skelos and McCarthy, JJ., concur.