■ Robert Wilson et al., Appellants-Respondents, v Hallen Construction Corporation, Respondent-Appellant. [837 NYS2d 202]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from so much of an order of the Supreme

Court, Kings County (Knipel, J.), dated May 28, 2004, as denied their motion, in effect, pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant and against them on the issue of damages as against the weight of the evidence, (2) from a judgment of the same court entered June 14, 2004, and (3), as limited by their brief, from so much of an amended judgment of the same court, dated December 22, 2004, as, upon a jury verdict in their favor and against the defendant on the issue of liability, and upon the jury verdict awarding them $0 damages, is in favor of the defendant and against them dismissing the complaint, and the defendant cross-appeals from stated portions of the amended judgment.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from the judgment entered June 14, 2004, is dismissed, as that judgment was superseded by the amended judgment dated December 22, 2004; and it is further,

Ordered that the cross appeal by the defendant is dismissed, as it is not aggrieved by the portion of the amended judgment cross-appealed from (*see* CPLR 5511); and it is further,

Ordered that the amended judgment is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the amended judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs contend that the jury verdict in the defendant's favor on the issue of damages should be set aside because it was against the weight of the evidence. A jury verdict in favor of a defendant should not be set aside as against the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Cedeno v McNulty,* 39 AD3d 683 [2007]; *Giugliano v Giammarino,* 37 AD3d 533 [2007]; *Nicastro v Park,* 113 AD2d 129, 134 [1985]). This standard "was intended to accentuate the principle that when a jury, upon being presented with sharply conflicting evidence creating a factual dispute, resolved the controversy in favor of the defendant upon a fair interpretation of the evidence, that finding should be sustained" (*Nicastro v Park, supra* at 134). Here, the

jury was presented with conflicting expert testimony as to whether the plaintiff Robert Wilson's injuries, which included a severe loss of cartilage in his right knee, were causally related to his fall into an excavation trench or were instead the result of a pre-existing degenerative condition. This divergent testimony presented issues of credibility to be resolved by the jury, which had the opportunity to observe and hear the experts (*see Giugliano v Giammarino, supra; see also Speciale v Achari*, 29 AD3d 674 [2006]; *Angrand v Stern*, 8 AD3d 218 [2004]; *Landau v Rappaport*, 306 AD2d 446 [2003]). The jury's resolution of the credibility issues in favor of the defendant is supported by a fair interpretation of the evidence, and thus may not be disturbed (*see Giugliano v Giammarino, supra; Casimir v Bar-Zvi*, 36 AD3d 578 [2007]; *Speciale v Achari, supra*).

The plaintiffs further contend that a new damages trial is warranted because the expert witness disclosure provided by the defendant pursuant to CPLR 3101 (d) failed to specifically reveal that the expert would testify that the cartilage loss in the injured plaintiff's right knee could not have been caused by the accident because the patella was not fractured. However, since the plaintiffs did not object to the expert's testimony upon this ground, their contention is unpreserved for our review (*see Horton v Smith*, 51 NY2d 798 [1980]; *Murray v Weisenfeld*, 37 AD3d 432 [2007]; *Inwood Sec. Alarm, Inc. v 606 Rest., Inc.*, 35 AD3d 194 [2006]; *Koplick v Lieberman*, 270 AD2d 460 [2000]).

The cross appeal by the defendant must be dismissed because it is not aggrieved by the portion of the amended judgment cross-appealed from, which granted it full relief (*see* CPLR 5511; *Rosenberg v Rixon*, 111 AD2d 910 [1985]). To the extent that the defendant seeks review of the liability verdict finding it at fault in the happening of the accident, we need not address that issue in light of our determination that there is no basis to disturb the damages verdict (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]; *State Farm Mut. Auto. Ins. v Vitiello*, 289 AD2d 393 [2001]; *Pelosi v TJA Maintenance Programming*, 247 AD2d 453 [1998]).

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.