■ ALBERT ABAYEV et al., Appellants, v JAYPSON JEWELRY MANUFACTURING CORP. et al., Respondents, et al., Defendants. (And a Third-Party Action.) [842 NYS2d 724]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal

from a judgment of the Supreme Court, Queens County (Risi, J.), entered March 21, 2006, which, upon a jury verdict on the issue of liability, and upon an order of the same court entered August 8, 2005, denying their motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of the defendants Jaypson Jewelry Manufacturing Corp., J. Posner & Sons, Inc., doing business as Jaypson Jewelry, and Bernard Posner and against them, dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed, with costs.

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; Nicastro v Park, 113 AD2d 129 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (see Cohen v Hallmark Cards, 45 NY2d 493 [1978]; Nicastro v Park, 113 AD2d at 129). Great deference is accorded to the fact-finding function of the jury, and determinations regarding the credibility of witnesses are for the fact-finders, who had the opportunity to see and hear the witnesses (see Bertelle v New York City Tr. Auth., 19 AD3d 343 [2005]; Corcoran v People's Ambulette Serv., 237 AD2d 402 [1997]). Applying these principles here, the verdict was not against the weight of the evidence.

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Goldstein, Skelos and Fisher, JJ., concur.