■ CHRISTINE MARINO et al., Appellants, v DIANE G. CUNNINGHAM et al., Respondents. [844 NYS2d 129]—In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Dillon, J.), dated June 10, 2005, which, upon a jury verdict finding that the plaintiff Christine Marino did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and upon an order of the same court entered March 7, 2005, denying the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, is in favor of the defendants and against the plaintiffs dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

This action arises from a three-car collision which occurred on December 7, 2002. During the damages phase of the trial of this action, the plaintiffs attempted to establish that the carpal tunnel syndrome condition from which the plaintiff Christine Marino suffered was proximately caused by the subject motor vehicle accident and accordingly that the underlying accident resulted in a serious injury within the meaning of Insurance Law § 5102 (d).

After the jury rendered a verdict, finding that Marino had not sustained a serious injury, the plaintiffs moved pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence. The court properly denied the plaintiffs' motion.

The standard for determining whether a jury verdict is

against the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Tapia v Dattco, Inc.*, 32 AD3d 842, 845 [2006]). "Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Tapia v Dattco, Inc.*, 32 AD3d at 845). Here, a fair interpretation of the evidence supports the jury's conclusion that, based on the evidence before it, Marino's carpal tunnel syndrome was not proximately caused by the subject motor vehicle accident.

The plaintiffs' remaining contentions are unpreserved for appellate review and, in any event, do not warrant reversal (*see Conradi v New York City Tr. Auth.*, 249 AD2d 436, 437 [1998]). Schmidt, J.P., Fisher, Lifson and Carni, JJ., concur.