■ FLORENCE MARWIN, Appellant, v TOP NOTCH CONSTRUCTION CORP. et al., Respondents. [856 NYS2d 238]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered December 7, 2006, which denied her motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants on the issue of liability on the grounds, inter alia, that her proposed expert witness was improperly precluded from testifying, and as against the weight of the evidence, and for a new trial on that issue.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Under the circumstances, including, among other things, the

plaintiff's belated expert disclosure pursuant to CPLR 3101 (d) (1) (i), and the potential prejudice to the defendants, the Supreme Court providently exercised its discretion in precluding the plaintiff's expert from testifying (see CPLR 3101 [d] [1] [i]; *Bickford v St. Francis Hosp.*, 19 AD3d 344, 346 [2005]; *Fava v City of New York*, 5 AD3d 724, 724-725 [2004]).

Moreover, and contrary to the plaintiff's contention, a fair interpretation of the evidence supports the jury's finding that the defendants were not negligent; thus, the jury's verdict was not against the weight of the evidence (see *Leodis v J.M. Dennis Constr., Inc.*, 46 AD3d 518 [2007]; *Pearson v Walker*, 44 AD3d 1019 [2007]; *Marino v Cunningham*, 44 AD3d 912 [2007]; *Abayev v Jaypson Jewelry Mfg. Corp.*, 44 AD3d 693 [2007]; *Nicastro v Park*, 113 AD2d 129, 133-134 [1985]). Since the jury found that the defendants were not negligent, we need not consider the plaintiff's contentions that the jury's findings concerning her own conduct demonstrated confusion and were inconsistent. Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur.