■ In the Matter of Frank MacKay et al., Respondents-Appellants, et al., Petitioners, v Craig M. Johnson, Appellant-Respondent, et al., Respondents. [863 NYS2d 85]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Craig M. Johnson as a candidate in a primary election to be held on September 9, 2008,

for the nomination of the Independence Party as its candidate for the public office of State Senator for the 7th Senatorial District, Craig M. Johnson appeals, as limited by his brief, from so much of a final order of the Supreme Court, Nassau County (Lally, J.), dated August 11, 2008, as, after a hearing, amended the caption to designate Barbara Donno as a petitioner in the proceeding, granted the petition, invalidated the designating petition, granted the petitioners' motion to dismiss his counterclaims, and directed the Nassau County Board of Elections not to place his name on the ballot, and Frank MacKay, the New York State Independence Party, the New York State Committee of the Independence Party, the Executive Committee of the New York State Committee of the Independence Party, the Nassau County Independence Party, Bobby Kumar Kalotee, the County and Executive Committees of the Nassau County Independence Party, and Barbara Donno cross-appeal from stated portions of the same final order.

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the cross appeal is dismissed, without costs or disbursements, as the respondents-appellants are not aggrieved by the final order (*see* CPLR 5511).

The appellant, Craig M. Johnson, is the Democratic candidate for State Senator for the 7th Senatorial District. A petition also was filed to designate Johnson as a candidate for the nomination of the Independence Party for the same office in a primary election to be held September 9, 2008.

The instant proceeding was brought to invalidate the petition designating Johnson as a candidate for the nomination of the Independence Party. Barbara Donno, the candidate designated by the Executive Committee of the New York State Committee of the Independence Party (hereinafter the Executive Committee), aligned herself with the petitioners at the time the matter was heard by the Supreme Court. Johnson brought a cross petition, which the court construed as setting forth counterclaims, to challenge the substitution of Donno for Nicole Gadaleta, who was initially designated as the Independence Party candidate, but declined the nomination. Johnson also made an application to recuse Justice Lally from the proceedings.

The court amended the caption to designate Donno, who originally was denominated a respondent, as a petitioner, and found that she had standing to challenge Johnson's designating petition as an aggrieved candidate, but found that the other petitioners did not have standing to challenge the designating petition. The court held that since Johnson was not authorized

to appear on the ballot by the Executive Committee, he was prohibited from filing a designating petition.

Contrary to Johnson's contentions, the Supreme Court properly amended the caption to designate Donno as a petitioner. "Defects, mistakes, and irregularities in pleadings are to be ignored by the court absent a showing of prejudice" (*Hoot Group, Inc. v Caplan*, 9 AD3d 448 [2004] [citation and internal quotation marks omitted]; *see* CPLR 104). Furthermore, Johnson does not have standing to challenge the substitution of Donno as the Independence Party candidate because his challenge relates to the internal functioning of a political party of which he is not an enrolled member (*see* Election Law § 16-102 [1]; *Matter of Stempel v Albany County Bd. of Elections*, 60 NY2d 801, 803 [1983]; *Matter of Wydler v Cristenfeld*, 35 NY2d 719, 720 [1974]; *Matter of Nicolai v McKay*, 45 AD3d 965, 966-967 [2007]; *Matter of Hariton v McNab*, 83 AD2d 898 [1981]). Moreover, the Supreme Court providently exercised its discretion in denying Johnson's application for recusal, since he failed to provide proof of any of the statutory disqualifications under Judiciary Law § 14, and did not prove any bias or prejudice by Justice Lally (*see Vest v Vest*, 50 AD3d 776, 777 [2008]). Accordingly, the court properly granted the petition, invalidated the designating petition, granted the petitioners' motion to dismiss his counterclaims, and directed the Nassau County Board of Elections not to place Johnson's name on the ballot.

Johnson's remaining contentions are without merit.

The cross appeal must be dismissed because the respondents-appellants are not aggrieved by the portion of the final order cross-appealed from (*see* CPLR 5511; *Rosenberg v Rixon*, 111 AD2d 910 [1985]). To the extent that the respondents-appellants seek review of the court's determination as to the standing of certain of the respondents-appellants, we need not address those issues in light of our determination on the appeal to affirm the final order (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]; *State Farm Mut. Auto. Ins. v Vitiello*, 289 AD2d 393 [2001]; *Pelosi v TJA Maintenance Programming*, 247 AD2d 453 [1998]). Spolzino, J.P., Ritter, Miller, Dillon and Angiolillo, JJ., concur. [*See* 2008 NY Slip Op 51748(U).]