■ DONNA ROSENFELD, Appellant, v WILBERT BAKER III et al., Respondents. [913 NYS2d 233]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated September 8, 2008, as denied her motion in limine to preclude the defendants from offering a certain expert witness at trial and denied that branch of her separate motion in limine which was to preclude testimony at trial on the issue of Munchausen Syndrome, (2) an order of the same court (Jones, Jr., J.), dated January 12, 2009, which denied her motion, in effect, for leave to reargue, (3) a judgment of the same court (Whelan, J.), entered February 25, 2009, which, upon a jury verdict, is in favor of the defendants Jessica D. Goldberg and Lawrence J. Goldberg and against her dismissing the complaint, and (4) an order of the same court (Whelan, J.), dated April 17, 2009, which denied her motion pursuant to CPLR 4404 to set aside the jury verdict and for judgment as a matter of law or, in the alternative, for a new trial on the issue of whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d), on the ground that the verdict was contrary to the weight of the evidence.

Ordered that the appeals from the orders dated September 8, 2008, and January 12, 2009, are dismissed; and it is further,

Ordered that the judgment and the order dated April 17, 2009, are affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants Jessica D. Goldberg and Lawrence J. Goldberg.

The appeal from the order dated September 8, 2008, must be dismissed because the portions of the order appealed from

concern evidentiary rulings which, even when made in advance of trial on motion papers, are not appealable, either as of right or by permission (see CPLR 5701; *Barnes v Paulin*, 52 AD3d 754 [2008]; *Citlak v Nassau County Med. Ctr.*, 37 AD3d 640 [2007]; *Cotgreave v Public Adm'r of Imperial County [Cal.]*, 91 AD2d 600, 601 [1982]). The issues raised on the appeal from the order dated September 8, 2008, are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]). The appeal from the order dated January 12, 2009, must be dismissed, as no appeal lies from an order denying reargument.

Contrary to the plaintiff's contention, the defendants' medical experts were properly permitted to testify at trial, inter alia, based upon their review of the plaintiff's medical records (see *Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139 [1997]). The fact that the defendants' psychiatric expert did not examine the plaintiff goes only to the weight of his testimony, not to its admissibility (see *Weigert v Baker*, 217 AD2d 1011 [1995]).

Moreover, the Supreme Court properly denied that branch of the plaintiff's motion pursuant to CPLR 4404 which was to set aside the jury verdict and for judgment as a matter of law. The proponent of a motion pursuant to CPLR 4404 to set aside a jury verdict as not supported by legally sufficient evidence must demonstrate that there is no valid line of reasoning and permissible inferences which would lead rational persons to the conclusions reached by the jury (see *Cohen v Hallmark Cards*, 45 NY2d 493 [1978]). Here, the Supreme Court properly held that the evidence adduced at trial was sufficient as a matter of law since a valid line of reasoning could have led the jury to conclude that none of the injuries that were proximately caused by the subject accident constituted a serious injury as that term is defined in Insurance Law § 5102 (d).

The Supreme Court also properly denied that branch of the plaintiff's motion pursuant to CPLR 4404 which was for a new trial on the issue of whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d), on the ground that the verdict was against the weight of the evidence. A jury verdict should not be set aside as against the weight of the evidence unless the verdict could not have been reached on any fair interpretation of the evidence (see *Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]). " 'Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion, and reject that of another expert' " (*Morales v Interfaith Med. Ctr.*, 71 AD3d 648, 650 [2010], quoting *Ross v*

*Mandeville*, 45 AD3d 755, 757 [2007]). It is for the jury to make determinations as to the credibility of the witnesses, and it is accorded great deference, as it had the opportunity to see and hear the witnesses (*see Davison v New York City Tr. Auth.*, 63 AD3d 871 [2009]). Here, a fair interpretation of the evidence supports the jury's conclusion that, based on the evidence before it, the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Handwerker v Dominick L. Cervi, Inc.*, 57 AD3d 615 [2008]; *Marino v Cunningham*, 44 AD3d 912 [2007]). Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.