*659 At the conclusion of a trial on the issue of damages, the jury returned a verdict in favor of the defendant, finding that the subject motor vehicle accident was not a substantial factor in causing the injuries allegedly sustained by the plaintiff Deborah Daniels. The plaintiffs contend that the jury verdict on the issue of damages should be set aside because it was contrary to the weight of the evidence. However, a jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiffs favor that the verdict could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Adetimirin v Howland Hook Hous. Co., Inc., 92 AD3d 814, 815 [2012]; Wilson v Hallen Constr. Corp., 40 AD3d 986, 987 [2007]; Giugliano v Giammarino, 37 AD3d 533 [2007]). This standard “was intended to accentuate the principle that when a jury, upon being presented with sharply conflicting evidence creating a factual dispute, resolved the controversy, in favor of the defendant upon a fair interpretation of the evidence, that finding should be sustained” (Nicastro v Park, 113 AD2d 129, 134 [1985]; see Nelson v Schwartz, 90 AD3d 626 [2011]; Wilson v Hallen Constr. Corp., 40 AD3d at 987).
Here, the jury was presented with divergent expert testimony as to whether, as a result of the subject accident, Deborah Daniels sustained a herniated disc, a traumatic injury which accelerated the normal age-related degenerative process and ultimately led to spondylolisthesis necessitating spinal fusion surgery, or whether the condition of the lumbar region of her spine was attributable solely to degeneration. This evidence presented issues of credibility to be resolved by the jury, which had the opportunity to see and hear the witnesses (see Rosenfeld v Baker, 78 AD3d 810, 811 [2010]; Wilson v Hallen Constr. Corp., 40 AD3d at 988). The jury’s resolution of the credibility issues in favor of the defendant is supported by a fair interpretation of the evidence and, thus, may not be disturbed (see Rosenfeld v Baker, 78 AD3d at 811; Caccioppoli v City of New York, 50 AD3d 1079, 1080 [2008]; Cummings v Jiayan Gu, 42 AD3d 920, 923 [2007]; Wilson v Hallen Constr. Corp., 40 AD3d at 988; Fallon v Esposito, 35 AD3d 1067, 1068-1069 [2006]; Syrkett v Burden, 176 AD2d 938, 939 [1991]; Kupfer v Dalton, 169 AD2d 819 [1991]).
*660 Further, the Supreme Court properly declined the plaintiffs’ request to charge the jury that damages could be awarded if it found that Deborah Daniels sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (see Insurance Law § 5102 [d]). A charge under the 90/180 day category of serious injury was not warranted because the plaintiffs failed to offer competent evidence that the alleged curtailments of Deborah Daniels’ usual and customary daily activities during the statutory period was the result of a medically-determined injury causally related to the subject accident (see Conder v City of New York, 62 AD3d 743, 744 [2009]; Hausman v Gourville, 248 AD2d 674 [1998]).
The Supreme Court also correctly declined to admit into evidence various medical reports prepared by physicians who examined Deborah Daniels on behalf of her insurance carrier. The reports of these nontestifying physicians were inadmissible because the physicians were unavailable for cross-examination (see Wagman v Bradshaw, 292 AD2d 84, 88 [2002]; see also Elshaarawy v U-Haul Co. of Miss., 72 AD3d 878, 882 [2010]; Clevenger v Mitnick, 38 AD3d 586, 587 [2007]; Schwartz v Gerson, 246 AD2d 589, 590 [1998]). The narrative medical report of Deborah Daniels’ treating neurologist was also properly excluded. Although office records which contain a treating physician’s day-to-day business entries qualify for admission as business records if the foundational requirements of CPLR 4518 (a) are satisfied, a medical report is not admissible as a business record where, as here, it contains the physician’s opinion or expert proof (see Matter of Bronstein-Becher v Becher, 25 AD3d 796, 797 [2006]; Komar v Showers, 227 AD2d 135, 136 [1996]).
The plaintiffs’ remaining contentions are without merit. Eng, RJ., Skelos, Belen and Cohen, JJ., concur.