In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated June 20, 2011, which denied her motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant and against her on the issue of damages finding that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident and for judgment as a matter of law, or, alternatively, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.
Ordered that the order is affirmed, with costs.
At the conclusion of a trial on the issue of damages, the jury returned a verdict finding that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
The Supreme Court properly denied that branch of the plaintiffs motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law. Considering the facts in a light most favorable to the defendant, and resolving all questions as to the witnesses’ credibility in the defendant’s favor, there was a rational process that would lead the trier of fact to find for the defendant (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Rosenfeld v Baker, 78 AD3d 810, 811 [2010]).
The Supreme Court also properly denied that branch of the plaintiffs motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. The evidence did not preponderate so heavily in the plaintiffs favor that the jury could not have reached the verdict in favor of the defendant by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Daniels v Simon, 99 AD3d 658, 659 [2012]; Rosenfeld v Baker, 78 AD3d at 811-812). “Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert’s opinion, and reject that of another expert” (Morales v Interfaith Med. Ctr., 71 AD3d 648, 650 [2010] [internal quotation marks *827 omitted]; see Liounis v New York City Tr. Auth., 92 AD3d 643, 644 [2012]). Mastro, J.P., Lott, Austin and Sgroi, JJ., concur.