(December 10, 2014)

■ PETER ALBANO, Appellant, v K.R. & S. AUTO REPAIR, INC., Respondent. [998 NYS2d 431]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Bayne, J.), dated June 27, 2013, which, upon a jury verdict in favor of the defendant and against him on the issue of liability, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant and against him, in effect, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff was driving his vehicle out of the defendant's automobile repair shop when the engine began to overheat. The plaintiff pulled the vehicle over to check the engine and discovered that the engine was extremely hot. The plaintiff testified that as he walked back to the driver's side door, the radiator cap "exploded and blew off" the radiator and released steam that burned him. The plaintiff testified that he had not touched the radiator cap, and his expert testified that a radiator cap on an overheated engine could possibly blow off without someone touching it. The plaintiff further testified that the defendant's employees told him the vehicle was ready and failed to mention that it was not safe to drive. The defendant's witnesses testified that they had warned the plaintiff that they needed to perform a final test on the engine to make sure it would not overheat, but that the plaintiff insisted on taking the vehicle without the test because he couldn't wait any longer. The defendant's expert testified that, because a radiator cap is designed to release pressure, a properly secured cap should not explode off of an overheated engine.

After a jury trial on the issue of liability, the jury determined that the defendant was not negligent. The Supreme Court denied the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, and entered a judgment in favor of the defendant and against the plaintiff, in effect, dismissing the complaint.

"A jury verdict should not be set aside as contrary to the weight of the evidence unless 'the evidence so preponderate[s] in favor of the [moving party] that the jury could not have reached the verdict by any fair interpretation of the evidence' " (*Seong Yim Kim v New York City Tr. Auth.*, 87 AD3d 531, 532 [2011], quoting *Acosta v City of New York*, 84 AD3d 706, 708 [2011]; *see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]). Here, the jury was presented with two conflicting accounts of the events that transpired prior to the plaintiff's ac-

cident, and conflicting expert opinions. "It is within the province of the jury to determine issues of credibility, and great deference is accorded to the jury given its opportunity to see and hear the witnesses" (*Palermo v Original California Taqueria, Inc.*, 72 AD3d 917, 918 [2010]). Additionally, "[w]here . . . conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion, and reject that of another" (*DiGiacomo v County of Westchester*, 112 AD3d 779, 780 [2013]). Here, the jury was entitled to accept the defendant's version of the facts, which provided a basis upon which the jury could have fairly concluded that the defendant was not negligent (*see Costa v Lopez*, 120 AD3d 607 [2014]; *Easton v Falzarano*, 102 AD3d 826 [2013]).

Additionally, the Supreme Court's conduct did not deprive the plaintiff of a fair trial. The court did not demonstrate bias in favor of the defendant, and it did not engage in the type of repeated prejudicial intrusions that have been found to prevent the jury from considering the evidence in a fair, calm, and unprejudiced manner (*see Rizzo v Kay*, 79 AD3d 1001 [2010]; *DeCrescenzo v Gonzalez*, 46 AD3d 607, 608-609 [2007]; *Salzano v City of New York*, 22 AD2d 656, 657 [1964]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court properly entered a judgment in favor of the defendant and against the plaintiff, in effect, dismissing the complaint. Mastro, J.P., Roman, Miller and Maltese, JJ., concur.