Flowers v Harborcenter Dev., LLC (2019 NY Slip Op 00749)





Flowers v Harborcenter Dev., LLC


2019 NY Slip Op 00749


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1108 CA 18-00261

[*1]DAVID FLOWERS, PLAINTIFF-RESPONDENT,
v
HARBORCENTER DEVELOPMENT, LLC, AND M.A. MORTENSON COMPANY, DEFENDANTS-APPELLANTS. 






RUSSO & TONER, LLP, NEW YORK CITY (JOSH H. KARDISCH OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (SAMUEL J. CAPIZZI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Henry J. Nowak, Jr., J.), entered August 24, 2017. The judgment awarded plaintiff money damages upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the award of damages for past and future lost wages, and as modified the judgment is affirmed without costs and a new trial is granted on damages for past and future lost wages only.
Memorandum: Defendants appeal from a judgment awarding plaintiff damages on his claim under Labor Law § 240 (1) following a jury trial. On a prior appeal, we determined, inter alia, that Supreme Court properly granted plaintiff's motion for partial summary judgment on the issue of defendants' liability with respect to Labor Law § 240 (1) (Flowers v Harborcenter Dev., LLC, 155 AD3d 1633, 1634 [4th Dept 2017]). Approximately one month prior to the trial on the issue of damages, defendants moved to strike the note of issue and/or stay the trial until they were able to obtain plaintiff's medical records. The court denied defendants' motion, but the court nevertheless ordered plaintiff's counsel to turn over the pertinent records immediately. The case proceeded to trial and the jury returned a verdict in favor of plaintiff, which included an award of damages for past and future lost wages.
Contrary to defendants' contention, the court did not abuse its discretion in denying their motion to strike the note of issue or stay the trial. "The determination whether to adjourn a trial is addressed to the discretion of the trial court and should not be interfered with absent a clear abuse thereof' " (Harper v Han Chang, 267 AD2d 1011, 1012 [4th Dept 1999]). Here, defendants failed to establish that there were grounds to vacate the note of issue (see 22 NYCRR 202.21 [e]), or to grant a stay (see CPLR 2201), inasmuch as the record establishes that an unlimited authorization for the disputed records was provided over one year before the commencement of trial.
We reject defendants' contention that the court abused its discretion in precluding the testimony of defendants' psychiatric expert. "[P]reclusion [of expert testimony] for failure to comply with CPLR 3101 (d) is improper unless there is evidence of intentional or willful failure to disclose and a showing of prejudice by the opposing party" (Sisemore v Leffler, 125 AD3d 1374, 1375 [4th Dept 2015] [internal quotation marks omitted]). Here, the court determined that there was a willful failure to disclose because, prior to jury selection, defendants' attorneys knew that they intended to present testimony from the psychiatric expert, but they did not disclose the expert until the day after jury selection began, which violated the court's directive that defendants disclose an expert as soon as they knew of said expert. Although the record establishes that plaintiff was aware of the possibility that defendants would call an expert psychiatrist, he was prejudiced by the tardiness of the disclosure both because it impaired his ability to discuss the relevant issues during jury selection and because it hamstrung his opportunity to retain an expert [*2]psychiatrist of his own. Thus, based on the evidence in the record supporting the court's determination that defendants had engaged in purposeful gamesmanship by withholding the information, and the resulting prejudice to plaintiff, we conclude that the court did not abuse its discretion in precluding the proposed expert testimony (see Lasher v Albany Mem. Hosp., 161 AD3d 1326, 1331-1332 [3d Dept 2018]; Marwin v Top Notch Constr. Corp., 50 AD3d 977, 977-978 [2d Dept 2008]).
We agree with defendants that the court erred in failing to instruct the jury on mitigation of damages insofar as it applied to past and future lost wages (see Gerbino v Tinseltown USA, 13 AD3d 1068, 1072 [4th Dept 2004]; cf. Dombrowski v Moore, 299 AD2d 949, 951 [4th Dept 2002]). Here, plaintiff's physicians unanimously agreed that he was capable of working in a light duty or sedentary setting and, although he did obtain work shortly after being advised by a doctor to seek job training, there is a question, under the circumstances, of whether the part-time job that he took was a reasonable mitigation of his damages. We therefore modify the judgment by vacating the award of damages for lost wages, and we grant a new trial on damages for past and future lost wages only.
In view of our determination, defendants' remaining contentions regarding the court's denial of their posttrial CPLR 4404 motion are academic.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court