| |
|---|
| **Lewis v El-Gamasy** |
| 2025 NY Slip Op 31469(U) |
| April 24, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 512532/25 |
| Judge: Lawrence S. Knipel |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At the Special Election Part of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 24th day of April, 2025.

P R E S E N T:
HON. LAWRENCE S. KNIPEL,
                              Justice.
------------------------------------------------------------------X
FARAH N. LEWIS,

                    Candidate Aggrieved,
                    Petitioner,


            -against-                                    Index No.: 512532/25


HATEM A. EL-GAMASY,
                    Respondent-Candidate,


            -and-


BOARD OF ELECTIONS IN THE CITY OF
NEW YORK,
                    Respondents,


For an Order Pursuant to Sections 16-100, 16-102 and 16-116 of the Election Law, Declaring Invalid the Designating Petition Purporting to Designate the Respondent(s)-Candidate(s) for the Public Office or party position of member of the City Council from the 45th Council District, Borough of Brooklyn, Kings County, New York in the Republican Primary Election to be Held on June 24, 2025, and to Restrain the said BOARD OF ELECTIONS from Printing and Placing the Names of said Candidate(s) Upon the official Ballots of Such Primary Election.
------------------------------------------------------------------X

| The following e-filed papers read herein: | NYSCEF Doc Nos.: |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) Annexed | 1-2, 8, 11 |
| Opposing Affidavits/Answer (Affirmations) | |
| Affidavits/ Affirmations in Reply | |
| Other Papers: | |

[* 1]

Upon the foregoing papers and upon oral argument conducted on the record on April 21, 2024, the initial return date of the petition, the respondent-candidate, appearing pro se, made an oral application to dismiss the petition on the grounds that the petition is improperly verified, that petitioner misspelled her own name in the caption and in the body of the petition, and that the order to show cause failed to provide for service upon the respondent-candidate.

Here, petitioner candidate-aggrieved Farah N. Lewis (petitioner), petitions for an order and judgment declaring invalid the designating petition of the respondent-candidate Hatem A. El-Gamasy and restraining the respondent Board of Elections in the City of New York (Board) from printing respondent-candidate's name on the ballat for the public office of member of City Council for the 45th Council District in Kings County in the Republican Primary Election to be held on June 24, 2025. As is relevant to the mistake relating to petitioner's name, it appears as "Farah N. Lewis" in the caption and body of the petition. Paragraph 1 of the petition identifies petitioner as a candidate for member of the City Council for the 45th Council District in Kings County. On the petition's verification page, petitioner spelled her name "Farah N. Louis," but identified herself as "plaintiff," rather than as "petitioner" or "candidate-aggrieved." Of note, the caption of the proposed order to show cause identified the petitioner's name as "Farah N. Lewis," but her name was spelled "Farah N. Louis" in the body of the order to show cause. Within hours of filing the petition, petitioner filed an amended petition in which she spelled her name correctly as "Farah N. Louis" in the caption and in the body of the amended petition. Despite this filing,

2

[* 2]

petitioner did not submit an amended proposed order to show cause, and the documents

served on the respondent-candidate included the original petition and other papers, with

the exception of the body of the order to show cause and the verification, in which her

name was spelled as "Farah N. Lewis." At oral argument, it was essentially undisputed the

petitioner spells her name as "Farah N. Louis."

As is relevant to the service issue, the signed order to show cause specifically

identified respondent-candidate as Hatem A. El-Gamasy, but with respect to service, the

order to show cause provided:

> "ORDERED, that service of a copy of this order, together with a copy of the papers upon which it is granted, upon the Respondent-candidate be made either by . . .
>
> (2) Upon the Respondents-Objectors by[:]
>
> (a) Enclosing the same in a securely sealed and duly postpaid wrappers addressed to such Respondent-candidate at the addresses set forth in said respondent candidate's petition and by mailing/sending the same by overnight UPS, FedEX or any other recognized overnight next day courier with no receiving signatures required on or before April 15, 2025."

The court notes that, although the respondent-candidate appeared in person at the

calendar call, he neither answered nor made a formal written motion to dismiss. Rather,

respondent-candidate orally adopted several arguments made by counsel for Joshua Elifah

Diaz in the special proceedings brought by petitioner against Diaz relating to the same City

Council seat (*see Louis v Diaz*, index No. 512541/25 and *Lewis v Diaz*, index No.

512516/25). Petitioner, however, did not raise any issue with respect to the absence of an

answer or otherwise oppose the respondent-candidate's appearance and right to raise these

3

[* 3]

issues by way of an oral application. As such, this court will address the issues raised by respondent-candidate on the merits.

With regard to the verification issue, this court finds that petitioner's reference to herself in the verification as "plaintiff" rather than as "petitioner" or a "candidate-aggrieved" is a non-prejudicial technical defect with the verification that can be ignored by the court and thus does not warrant dismissal of the petition (*see Matter of MacKay v Johnson*, 54 AD3d 428, 430 [2d Dept 2008]; *see also Luo v Wang*, 176 AD3d 1016, 1017 [2d Dept 2019]; CPLR 2001, 3026).

Similarly, under the circumstances here, petitioner's mistake relating to the spelling of her own name is not grounds for dismissing the petition (*see Covino v Alside Aluminum Supply Co.*, 42 AD2d 77, 80 [2d Dept 1973]). This is so because, "where the right party [petitioner] is in court but under a defective name or title as party [petitioner], . . . an amendment correcting the title is permissible" (*id.* at 80; *see Bessa v Anflo Indus., Inc.*, 148 AD3d 974, 976-977 [2d Dept 2017]). Here, petitioner's last name was correctly spelled in the verification and in the body of the order to show cause. Further, given petitioner's identification of herself as a candidate for the same office and district as the respondent-candidate, her distinctive first name, and her provision of a middle initial, respondent candidate had a means of identifying petitioner by checking the filings with the Board. These circumstances also support finding that the mistake in spelling was the result of a scrivener's error that occurred in the preparation of petitioner's pleadings rather than as a result of any intent to mislead the respondent-candidate. Accordingly, petitioner's error did not involve a substantial right of respondent-candidate, did not prejudice respondent-

4

[* 4]

candidate, and is of the kind that may be corrected (*see Bessa*, 148 AD3d at 976-977; *see also Parish of the Holy Assumption Russian Orthodox Greek Church Catholic Church, Inc. v Klestoff*, 191 AD3d 1012, 1013 [2d Dept 2021]; *Glanz v Parkway Kosher Caterers*, 176 AD3d 686, 687-688 [2d Dept 2019]; *Matter of MacKay*, 54 AD3d at 430; CPLR 2001, 5019).[1]

Since petitioner has filed an amended petition correcting the spelling of petitioner's name in the caption and body of the petition, and since this amended petition was e-filed before the respondent-candidate's time to respond to it had expired, petitioner could amend the petition as of right without need of a motion (CPLR 3025 [a]). Given, however, that it was the original petition that was served on the respondent-candidate, and that the respondent-candidate, who is unrepresented, does not appear to have consented to participation in e-filing (*see* Uniform Rules for Trial Cts [22 NYCRR] § 202.5-b [b] [2] [i]; *see also* CPLR 2111 [b] [1] [participation in e-filing voluntary for pro se litigants]; Uniform Rules for Trial Cts [22 NYCRR] § 202.5-bb [a] [2] [ii], [e] [1] [election law proceedings and unrepresented litigants are exempted from mandatory e-filing]),[2] to the extent not already done, petitioner is directed to serve a copy of the amended petition on

---

[1] The court notes that the issue of the misspelling of petitioner's name is only relevant because petitioner commenced the proceeding based on the original petition and did not seek an order to show cause providing for service of the amended petition within the statute of limitations.

[2] Indeed, respondent-candidate is entitled to service of hard copies of all filings on NYSCEF that have not already been served.

5

the respondent-candidate on or before April 25, 2025 by in-hand delivery or by way of overnight delivery pursuant to CPLR 2103 [b] [6], [c]).[3]

Finally, this court rejects the respondent-candidate's arguments regarding the service provision of the order to show cause. Namely, although there is a reference to "Respondent Objectors" as one of the headings in the language of the order show cause's service provision, the body of that provision properly provided for service on the respondent-candidate at the address set forth in the designating petition. Since there are in fact no respondent-objectors, the reference to respondent-objectors may be disregarded as it appears to be a result of oversight in drafting and did not create any actual confusion regarding the requirements for service on the respondent-candidate or prejudice the respondent-candidate (CPLR 2001; *cf. Matter of Stark v Williams*, 216 AD3d 859, 861-862 [2d Dept 2023]).[4]

Accordingly, it is **ORDERED** that the respondent-candidate's motion to dismiss is denied, and it is further

**ORDERED** that, to extent not already done as discussed above, petitioner shall serve a copy of the amended petition on the respondent-candidate on or before April 25,

---

[3] If petitioner has already served a copy of the amended petition on respondent candidate at the address identified in the designating petition in a manner allowed under CPLR 2103 [c], petitioner shall file and serve a copy of such affidavit of service.

[4] The court notes that respondent-candidate did not raise any specific objections to the timeliness or means of service.

[* 6]

2025 by in hand delivery or by way of overnight by in hand delivery or by way of overnight delivery pursuant to CPLR 2103 [b] [6], [c]).

This constitutes the decision and order of the court.

ENTER FORTHWITH

_____
J.S.C.

**Justice Lawrence Knipel**